

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2006 OCT 16 PM 1:00

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KATHLEEN SCHAFER WIFE OF/AND**<br>**GORDON SCHAFER** | * | **CIVIL ACTION 06 - 8262** |
| | * | |
| | * | |
| **VERSUS** | * | **JUDGE SECT. K MAG 2** |
| | * | |
| **STATE FARM FIRE AND** | * | **SECTION** |
| **CASUALTY COMPANY** | * | |
| | * | **MAGISTRATE** |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

**NOW INTO COURT,** through undersigned counsel, comes defendant, STATE FARM

FIRE AND CASUALTY COMPANY, who files this Notice of Removal pursuant to 28 U.S.C. §

1441 and 28 U.S.C.§ 1446, and hereby removes this matter from the Civil District Court for the

Parish of Orleans, State of Louisiana, to the docket of this Honorable Court.

Defendant respectfully submits as follows:

**1.**

On August 22 2006, Kathleen Schafer and Gordon Schafer filed this lawsuit against State

Farm Fire and Casualty Company in the Civil District Court for the Parish of Orleans, State of

Louisiana, bearing case No. 2006-7831, Div."B", and entitled *"Kathleen Schafer wife of/and*

*Gordon Schafer vs.  State Farm Fire and Casualty Company."* (*See* Plaintiffs' Petition for

Damages, attached hereto and marked for identification as **Exhibit "A"**)

Fee $350.
✓ Process
X Dktd
CtRmDep
Doc. No

1

**2.**

The suit seeks damages and penalties from State Farm Fire and Casualty Company for its alleged failure to provide adequate coverage and their alleged failure to properly adjust and pay plaintiffs' claim pursuant to plaintiffs' homeowners' policy in connection with Hurricane Katrina.

**3.**

State Farm desires to have this cause removed from the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana, under the provisions of 28 U.S.C. 1441 et seq. and 28 U.S.C. 1446 et seq.

**I.      REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

**4.**

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States. . . ."

**5.**

Complete diversity exists between the parties:  Kathleen Schafer and Gordon Schafer are citizens of and are domiciled in the State of Louisiana; State Farm Fire and Casualty Company is incorporated in and has its principal place of business in Illinois, and is therefore domiciled in the State of Illinois.

**6.**

For purposes of this removal, it is "facially apparent" from the petition that the amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.  Plaintiffs allege in their Petition for Damages that their property sustained damage or loss as a result of Hurricane Katrina.  (*See* Plaintiffs' Petition for Damages Paragraph 3).  Plaintiffs specifically plead that they furnished State Farm with full proof of loss for property damage when State Farm inspected their property.  (*See* Plaintiffs' Petition for Damages Paragraph 4).

In addition to the request for an award for benefits under the insurance policy, Plaintiffs expressly and specifically makes a claim for statutory penalties available under La. R.S. 22:658 and La. R.S. 22:1220.  (See Plaintiff's Petition for Damages Paragraphs 6,7, and 8).  Plaintiffs have not stipulated and the Petition for Damages does not aver that Plaintiffs' cause of action does not exceed $75,000.00, exclusive of interest and costs, nor does Plaintiffs' Petition for Damages offer a binding stipulation that Plaintiffs will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to Davis, et al v. State Farm, et al, Case 2:06-cv-00560-SSV-ALC (E.D. La. June 7, 2006).

Accordingly, when Plaintiffs' claims for alleged damage to their property resulting from Hurricane Katrina is considered in connection with the statutory penalties available under La. R.S. 22:658 and 22:1220, the amount in controversy clearly exceeds the jurisdictional amount of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS.

**7.**

While State Farm Fire and Casualty Company admits no liability nor any element of damages, State Farm Fire and Casualty Company has met its burden of establishing that it is

facially apparent that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

**8.**

To determine whether jurisdiction is present for removal, federal courts consider the claims made in the state court petition as they existed at the time of removal. See Manguno v. Prudential Prop. & Cas. Inc. Co., 276 F.3d 720 (5th Cir. 2002).

**9.**

If, under state law, the plaintiffs will not be limited to recovery of the amount pleaded in their lawsuit, the Court must look to the true amount in controversy. See De Aguilar v. Boeing Co., 47 F.3d 1404, 1410 (5th Cir. 1995).

**10.**

"This maxim contemplates the existence of a state statute or doctrine that entitles a plaintiff to recover more than he has demanded. Louisiana is such a state, and has been at least since 1960 when its Code of Civil Procedure was enacted." Grant v. Chevron Phillips Chemical Co., 309 F.3d 864, 869 (5th Cir. 2002).

**11.**

"It is a general rule that 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith." De Aguilar, 47 F.3d at 1408 (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)). However, '[t]he face of the plaintiff's pleading will not control if made in bad faith.' Id. at 1410." Pendleton v. Parke-Davis, 2000 WL 1808500, (E.D. La. 2000); see also Shaffer v. Palm Harbor Homes, Inc., 328 F.Supp.2d 633, 635 (N.D. Miss. 2004); Hood v. Gulf States Pipeline Corp., 2006 WL 548625 (W.D.La. 2006).

**12.**

In <u>Grant</u>, the Fifth Circuit stated:

> To accommodate the situation when the removal sought is from a Louisiana court and subject matter jurisdiction is grounded in diversity of citizenship, we have modified the usual rule for determining whether the amount in controversy is present. In such Louisiana situations, we permit the party seeking to maintain federal jurisdiction to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. [<u>Manguno v. Prudential Property and Cas. Ins. Co.</u>, 276 F.3d 720, 723 (5th Cir.2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409, 1412 (5th Cir.1995).] When the case is one that has been removed from state court, such party may satisfy this burden in either of two ways: (1) by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000 or (2) "by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount." [<u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir.1995) (emphasis in original); *accord*, <u>Manguno</u>, 276 F.3d at 723; <u>Simon v. Wal-Mart Stores, Inc.</u>, 193 F.3d 848, 850 (5th Cir.1999); <u>Luckett v. Delta Airlines, Inc.</u>, 171 F.3d 295, 298 (5th Cir.1999).] <u>Grant v. Chevron Phillips Chemical Co.</u>, 309 F.3d 864, 868 (5th Cir. 2002).

**13.**

If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "plaintiff can defeat diversity jurisdiction only by showing to a "legal certainty" that the amount in controversy does not exceed $75,000." <u>Grant</u>, 309 F.3d at 869, quoting <u>De Aguilar</u>, 47 F.3d at 1412; <u>see also Hood</u>, 2006 WL 548625, (W.D.La. 2006).

**14.**

This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332 et seq., as the amount in controversy, evidenced by the Petition for Damages, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and

once the fraudulently joined defendant is removed, complete diversity exists between all adverse parties.

## II.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1369(a).

### 15.

28 U.S.C. § 1369 (a) provides federal district courts with original jurisdiction of "any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if - (1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place; (2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or (3) substantial parts of the accident took place in different States."

### 16.

Minimal diversity exists between adverse parties: Kathleen Schafer and Gordon Schafer are domiciled in the State of Louisiana; State Farm Fire and Casualty Company is domiciled in the State of Illinois.

### 17.

U.S.C. § 1369 (c) (4) defines the term "accident" as a "sudden accident, or a natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 natural persons." Hurricane Katrina was a "natural event culminating in an accident, that result[ed] in death incurred at a discrete location by at least 75 natural persons."

**18.**

Upon information and belief, more than 75 persons died at a discrete location as a result of Hurricane Katrina.

**19.**

Substantial parts of the accident took place in different states, such as Louisiana and Mississippi (28 U.S.C. § 1369 (a)(3)); State Farm resides in Illinois and substantial parts of the accident took place in other states (28 U.S.C. § 1369 (a)(1)).

**20.**

Plaintiff's claims against State Farm Fire and Casualty Company arise from Hurricane Katrina, August 29, 2005, an event during which over 1,500 persons died, including over 1,200 in Southeast Louisiana.[1]

**21.**

Therefore federal subject matter jurisdiction lies under 28 U.S.C. § 1369 and this matter may be removed pursuant to 28 U.S.C. 1441(e)(1)(a).[2]

**22.**

There is no basis under 28 U.S.C. § 1369 (b) for the Court to abstain from hearing this civil action over which it has subject matter jurisdiction since the only plaintiffs are not citizens of the same state as the only defendant.

---

[1] See http://www.cnn.com/2006/US/03/19/katrina.toll/index.html;
http://www.dhh.louisiana.gov/offices/page.asp?ID=192&Detail=5248;
http://www.insurancejournal.com/news/southeast/2006/01/24/64517.htm.

[2] Decisions of the U.S. Fifth Circuit Court of Appeal (James Wallace, et al v. Louisiana Citizens Property Insurance Corp., et al) and Middle District of Louisiana (Gladys Chehardy, et al, v. J. Robert Wooley,. et al) confirming jurisdiction under 28 U.S.C. 1369 for Katrina-related claims.

**23.**

This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1369 (a) because of the existence of minimal diversity and because the action (1) arises from a single accident – Hurricane Katrina – where at least 75 natural persons have died at a discrete location – in numerous areas around Southeast Louisiana  (2) State Farm resides in Illinois and a substantial part of the accident took place in Louisiana and substantial parts of the accident took place in different states.

### III.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1441(e)(1).

**24.**

28 U.S.C. § 1441(e)(1) provides that "a defendant in a civil action in a State Court may remove the action to the district court of the United States for the district and division embracing the place where the action is pending if – (a) the action could have been brought in a United States district court under section 1369 of this title; or (b) the defendant is a party to an action which is or could have been brought, in whole or part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter."

**25.**

As stated in Section II above, this matter action could have been brought in a United States district court under section 1369 of this title and is therefore removable under the original jurisdiction granted to the federal courts in 28 U.S.C. §1369 and 28 U.S.C. §1441(e)(1)(a).

**26.**

In the alternative, this matter is also removable under 28 U.S.C. §1441(e)(1)(b). State Farm is a defendant in the Katrina-related matter entitled <u>Gladys Chehardy, et al, v. J. Robert Wooley</u>, <u>et al.,</u> (3:05-CV-01140) in the Middle District of Louisiana, and in <u>Chauvin v. State Farm Fire & Cas. Co.,</u> (2:05-CV06454), in the Eastern District of Louisiana. <u>Chehardy</u> had been removed pursuant to 28 U.S.C. 1369 and 28 U.S.C. 1441(e)(1)(a).

**27.**

Under the language of 28 U.S.C. § 1441(e)(1)(b), because State Farm "is a party to an action [<u>Chehardy</u> and/or <u>Chauvin</u>] which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court", the above-captioned matter is removable "even if the action to be removed could not have been brought in a district court as an original matter." In other words, because <u>Chehardy</u> has been removed to federal court under 28 U.S.C. § 1369 and 28 U.S.C. § 1441(e)(1)(a), and <u>Chauvin</u> could have been brought under 28 U.S.C. § 1369, other cases arising out of the same accident (Hurricane Katrina) involving defendant State Farm Fire and Casualty Company may also be removed to federal court under 28 U.S.C. 1441(e)(1)(b), even if there is no original jurisdiction under 28 U.S.C. 1369. <u>See</u> <u>Wallace v. Louisiana Citizens Prop. Ins. Corp.,</u> 2006 WL 848585 (5th Cir. 2006).

## IV.   <u>STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL</u>

**28.**

State Farm Fire and Casualty Company was served with the Petition for Damages

through its agent for service of process, the Louisiana Secretary of State, on September 20, 2006. Thus, the petition for removal is timely.

**29.**

The Petition for Removal is being filed within thirty (30) days of the receipt by State Farm Fire and Casualty Company of the initial pleading setting forth the claim or relief upon which this civil action is based, all in accordance with 28 U.S.C. 1446(b).

**30.**

Jurisdiction is founded in the existence of: (1) diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and, when the fraudulently joined defendant is removed, is between citizens of different States, or in the alternative, (2) jurisdiction under 28 U.S.C. § 1369, which grants federal courts original jurisdiction over any civil action involving minimal diversity between adverse parties that arises from a single accident where at least 75 natural persons have died in the accident, or in the further alternative (3) under 28 U.S.C. § 1441 (e)(1)(b), which provides federal courts with jurisdiction over civil actions removable pursuant to 28 U.S.C. § 1369 or where the defendant is a party in another action pending before a United States district court which was or could have been brought under section 1369 and arises from the same accident.

**31.**

The Civil District Court for the Parish of Orleans, State of Louisiana is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in

accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

**32.**

Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto and marked for identifications as **Exhibit A**. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Kathleen Schafer and Gordon Schafer, and a copy is being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana. No other process, pleadings, or orders have been served upon defendant.

XXXIII.

No previous application has been made for the relief requested herein.

XXXIV.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**WHEREFORE,** defendant, State Farm Fire And Casualty Company, prays that the above numbered and entitled cause of action on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, be removed from said court to the docket of the United States District Court for the Eastern District of Louisiana, and for all other general and equitable relief.

Respectfully submitted:

WM. RYAN ACOMB (# 16780)
PORTEOUS, HAINKEL & JOHNSON, LLP
704 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3838

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this **17**th day of **October,** 2006, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing same by United States mail, properly addressed, and first class postage prepaid.

_____

**WM. RYAN ACOMB**

## CERTIFICATE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)

I hereby certify that a copy of the foregoing Notice of Removal has been placed in the United States Mail, with proper and sufficient postage affixed, addressed to:

**Kathleen and Gordon Schafer**
*Through their attorneys of record:*
**J. Alex Watkins**
**T. Carey Wicker, III**
1100 Poydras Street
2950 Energy Centre
New Orleans, LA 70163

I hereby further certify that a copy of the foregoing Notice of Removal has also been placed in the United States Mail, with proper and sufficient postage affixed, addressed to:

**Honorable Dale Atkins**
Clerk, Civil District Court
421 Loyola Avenue, Room 402
New Orleans, LA  70112

for filing in the record in the state court action entitled: *"Kathleen Schafer wife of/and Gordon Schafer vs. State Farm Fire and Casualty Company"*, bearing case No. 2006-7831, Div."B" on the docket of the Civil District Court for the Parish of Orleans,  State of Louisiana.

New Orleans, Louisiana, this 17ᵗʰ day of October, 2006

WM. RYAN ACOMB

13