UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KATHLEEN & GORDON SCHAFER                          CIVIL ACTION

VERSUS                                             NO. 06-8262

STATE FARM & FIRE CASUALTY COMPANY, ET AL.         SECTION "K"(2)

## ORDER

Before the Court are Plaintiffs' Second Amended Complaint (Rec. Doc. 49), and the Motions to Dismiss and/or Strike filed by Defendants State Farm (Rec. Doc. 54) and Xactware, Inc. (Rec. Doc. 53), and the accompanying oppositions to these motions by Plaintiffs (Rec. Docs. 58 & 64). This Court issued a prior opinion in this matter dated August 22, 2007, *Schafer v. State Farm Fire & Casualty Co.*, 507 F. Supp. 2d 587 (E.D. La. 2007). In evaluating these pleadings, this Court finds that it is appropriate to partially grant the Defendants' motions at this time. The Plaintiffs amended their complaint a second time on September 4, 2007. Because this filing occurred after a responsive pleading had been filed, and in any case well beyond twenty days after the original complaint was filed, the strictures of Federal Rule of Civil Procedure 15 require that the Plaintiffs must have leave of this Court or permission of the adverse parties to amend their complaint.[1] In its August 22, 2007 ruling, this Court only permitted the Plaintiffs to

---

[1]Rule 15 provides:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.

1

amend their claim under the Louisiana Products Liability Act ("LPLA"). *Schafer*, 507 F. Supp. 2d at 602 ("It is further ordered that Plaintiffs be granted until September 7, 2007, to amend their Complaint to state a claim for relief *under the Louisiana Products Liability Act*.") (emphasis added). However, this Court finds that most of the Plaintiffs' Second Amended Complaint modifies or re-alleges claims that do not involve a claim under LPLA. Accordingly,

**IT IS ORDERED** that State Farm's Motion to Strike Class Allegations (Rec. Doc. 54) is **GRANTED**. Xactware's Motion to Dismiss and Motion to Strike Amended Complaint (Rec. Doc. 53) is **GRANTED IN PART.** The following paragraphs of the Second Amended Complaint are **STRICKEN** as they do not relate to pleading under the LPLA: I-59-A, I-59-B, II, III-31-A, III-31-B, III-31-C, III-31-D, III-31-E. Oral argument previously granted on State Farm's Motion to Strike Amended Complaint is hereby **DENIED AS MOOT.** Oral argument shall be held solely on Plaintiffs' Second Amended Complaint concerning their pleading under the LPLA (Paragraph I-59-C of Plaintiffs' Second Amended Complaint) and the corresponding opposition in Xactware's Motion to Dismiss or to Strike Amended Complaint. Oral argument shall be held at the previously scheduled time of January 9, 2008, at 11 a.m.

---

> Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a); *see Youmans v. Simon*, 791 F.2d 341, 348 (5th Cir. 1986) ("Rule 15(a) allows a party to amend its pleadings at least once as a matter of course anytime before a responsive pleading is served or at anytime within twenty days after the initial pleading has been served. At other times, a party must seek the court's permission to amend its pleadings."). This matter was originally removed from state court on October 16, 2006, the complaint was answered by State Farm on January 8, 2007, and Plaintiffs filed an Amended Complaint on March 1, 2007 (after having received permission from the Court).

Plaintiffs are advised that, if they should seek to otherwise amend their complaint beyond the permission granted by the Court, they must seek leave from the Court.

New Orleans, Louisiana, this __10th__ day of January, 2008.

                                                **STANWOOD R. DUVAL, JR.**
                                                **UNITED STATES DISTRICT JUDGE**