UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KATHLEEN SCHAFER, AND** | * | **CIVIL ACTION NO. 06-8262** |
| **GORDON SCHAFER** | * | |
| | * | **SECTION: "K" (2)** |
| **Versus** | * | |
| | * | **JUDGE DUVAL** |
| | * | |
| **STATE FARM FIRE & CASUALTY CO.,** | * | **MAGISTRATE JUDGE WILKINSON** |
| **AND XACTWARE SOLUTIONS, INC.** | * | |
| | * | |
| * * * * * * * * * * * * | | |

## THIRD AMENDED COMPLAINT

NOW COME Plaintiffs, Kathleen and Gordon Schafer, who, pursuant to RULE 15 of the Federal Rules of Civil Procedure, respectfully supplement and amend their AMENDED COMPLAINT as follows:

I.

Plaintiffs amend the first part of Paragraph 4 of the AMENDED COMPLAINT as follows:

"Defendants herein are the following:

**XACTWARE SOLUTIONS, INC.,** (hereinafter "Xactware"), is a foreign corporation, domiciled in the State of Utah, with its principal place of business, upon information and belief, in the State of Utah, doing business in the State of Louisiana;

**STATE FARM FIRE & CASUALTY COMPANY** (hereinafter "State Farm")...."

II.

Plaintiffs amend the proposed Class Definition contained within Paragraph 30 of the AMENDED COMPLAINT to the following:

> "All Louisiana residents who were named insureds with State Farm and who received a one-time unconditional payment for the actual cash or other value of damage to property located in the State of Louisiana, under the terms of homeowner's policies with State Farm, utilizing any Xactware or Xactimate pricing, from August 29, 2005 thru [the date of certification]."

III.

Plaintiffs supplement and amend the fraud allegations contained within Paragraph 55 of the AMENDED COMPLAINT, by adding the following:

> "55-B.
> The conduct of Xactware and State Farm, both individually and in concert and conspiracy with one another, caused, contributed to, and/or was a substantial factor in causing damage to Mr. & Mrs. Schafer and the members of the putative class.
>
> 55-C.
> Plaintiffs Mr. & Mrs. Schafer (and likely other putative class members) relied to their detriment upon the misrepresentations contained within the Xactware pricing. Mr. & Mrs. Schafer received and accepted lower payments, and refrained from making a supplemental claim or taking other action, in reliance upon the purported accuracy, fairness and reliability of the pricing lists originating with Xactimate.
>
> 55-D.
> In addition, Defendant State Farm relied upon Xactware pricing, to Mr. & Mrs. Schafer's detriment, (and to the detriment of the entire putative class), thereby causing State Farm to make lower one-time or other payments to Plaintiffs (and the putative class members) which were less than what they should have been.

55-E.

Xactware, in this regard, knew and intended that State Farm (and/or Plaintiffs and/or other putative class members) would rely on its pricing lists, with a motive and desire to profit thereby, (whether in the context of a formal conspiracy with State Farm, or, in the alternative, as the increased profits or savings to State Farm would predictably and foreseeably encourage and result in State Farm's purchase and continued use of Xactware pricing or other services), at the expense of and injury to Plaintiffs and the members of the putative class.

55-F.

Plaintiffs Mr. & Mrs. Schafer sue both State Farm and Xactware for fraud, each individually and also as they are liable *in solido* for acting in concert and conspiracy with one another, pursuant to LA. CIV. CODE ART. 2324(A).

55-G.

Plaintiffs, however, only seek to certify for class treatment fraud claims against Xactware, as set forth more fully herein."

IV.

Plaintiffs supplement and amend the allegations contained within Paragraphs 29 - 31 of the AMENDED COMPLAINT, by adding the following:

"31-A.

Plaintiffs, in this class action, seek to recover the difference between the unconditional actual cash value or other unconditional payments from State Farm to Plaintiffs and the actual cash value or other unconditional payment that Plaintiffs would have and should have received.

31-B.

Plaintiffs are not seeking to certify 'bad faith' or other claims regarding the timeliness of Defendant's payment or adjustment, nor coverage issues (*e.g.* whether damages were caused by water or wind). Plaintiffs, rather, contend that State Farm's payment of deflated and devalued Xactware-based prices violated La. R.S. 22:658

and/or 22:1220 (and/or the policy and/or other legal duties) as a failure to pay the reasonable *amount* due within 30 or 60 days of receipt of what State Farm admittedly deemed to be satisfactory or other required proof of loss and/or demand.

31-C.

Excluded from the Proposed Class, moreover, are policyholders who made a supplemental claim with or filed a lawsuit (other than this lawsuit) against State Farm (either directly or through an architect or contractor or other service provider or supplier) to amend, supplement, increase or otherwise revise the 'actual cash value' or other unconditional payment with 'replacement' costs.

31-D.

Plaintiffs do *not* seek to certify fraud or misrepresentation claims against State Farm.  *Nor* do plaintiffs seek to certify claims against Xactware solely as a co-conspirator liable *in solido* for the fraud of State Farm (or any other insurer).

31-E.

Plaintiffs only seek to certify fraud claims against Xactware to the extent that Xactware itself knew and intended that State Farm (and other insurers) would rely upon the devalued and deflated numbers for unconditional actual cash value or other payments. Plaintiffs respectfully submit that, as to this cause of action, individual questions of 'reliance' or causation are not relevant, as the only conduct at issue (in terms of causation) is the common classwide reliance and conduct of State Farm.  It is irrelevant whether Plaintiffs, as to these payments, can be said to have 'relied' on either Xactware or State Farm's misrepresentations;  in either event, Defendants caused injury to Plaintiffs and the Proposed Class, as Plaintiffs received payments which were less than what they should have been."

**WHEREFORE** Plaintiffs respectfully request that this Third Amended Complaint be deemed good and sufficient, and that, after due proceedings be had, this case be certified as a class action under Rule 23 of the Federal Rules of Civil Procedure, and that, after further proceedings be

had, there be judgment herein in favor of Plaintiffs and the Proposed Class, and against Defendants, State Farm Fire & Casualty Company and Xactware Solutions, Inc., jointly, severally and *in solido,* for all damages reasonable in the premises, together with penalties, the costs of these proceedings, legal interest, reasonable attorneys' fees, and all other general or equitable relief to which Plaintiffs and/or the Proposed Class may be entitled.

This <u>25th</u> day of <u>January</u>, <u>2008</u>.

Respectfully Submitted,

      /s/ Stephen J. Herman
**RUSS M. HERMAN**, La. Bar No. 6819
**STEPHEN J. HERMAN**, La. Bar No. 23129
**SOREN E. GISLESON**, La. Bar No. 26302
**HERMAN, HERMAN, KATZ & COTLAR, LLP**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax No. (504) 561-6024
E-Mail: sherman@hhkc.com

**T. CAREY WICKER, III**, La. Bar No. 13450
**J. ALEX WATKINS,** La. Bar No. 29472
**CAPITELLI & WICKER**
1100 Poydras Street
2950 Energy Centre
New Orleans, Louisiana  70163-2950
Telephone:  (504) 582-2425

                                                Fax No. (504) 582-2422
                                                E-Mail: JAW@Capitelliandwicker.com

                                                **COUNSEL FOR PLAINTIFFS.**

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that the above and foregoing Third Amended Complaint has been served, *via* E-MAIL, upon Defense Counsel, and will be filed electronically with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system thereby serving notice on all counsel this 25th day of January, 2008.

                                                              /s/  Stephen J. Herman