UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KATHLEEN & GORDON SCHAFER | CIVIL ACTION |
| VERSUS | NO. 06-8262 |
| STATE FARM & FIRE CASUALTY COMPANY, ET AL. | SECTION "K"(5) |

## ORDER AND REASONS

Before the Court is a Motion to Appeal from the Magistrate Judge's Decision Modifying the Protective Order (Rec. Doc. 121) ("Mot."). The appeal was filed on behalf of defendants Xactware Solutions, Inc. ("Xactware") and State Farm Fire & Casualty Company ("State Farm"). Plaintiffs have filed an opposition (Rec. Doc. 123) ("Opp."), and Defendants have filed a reply (Rec. Doc. 127) ("Reply"). Having reviewed the pleadings and relevant law, this Court will affirm the magistrate judge's decision.

## I. BACKGROUND

The named Plaintiffs represent a putative class of insured customers of State Farm. They allege that State Farm used a flawed methodology in adjusting Plaintiff's property damage suffered during Hurricane Katrina. Furthermore, Plaintiffs claim that Xactware produced inaccurate pricing lists to State Farm. Such pricing lists were used for adjusting claims, and Plaintiffs allege that these lists resulted in State Farm undervaluing the cost to repair damage.

Defendants here appeal the decision by Magistrate Judge Alma Chasez regarding the Plaintiffs' motion to amend or correct the protective order entered in this case. The protective

order was stipulated to by the parties and signed by Magistrate Judge Chasez on September 16, 2008. The protective order protects both "personal and private confidential information of non-parties" as well as "trade secrets and other competitively sensitive commercial and/or financial information" from Xactware and State Farm. Mot., Ex. 1. Plaintiffs subsequently made their motion for amendment/correction on September 19th, specifically requesting that Plaintiffs be allowed "the use of 'confidential' materials in other litigation against these Defendants." Plaintiffs' Motion to Amend/Correct Order on Motion for Protective Order (Rec. Doc. 111). Defendants opposed the motion. Magistrate Judge Chasez granted the Plaintiffs' motion and modified it with the following language:

> If the plaintiffs are desirous of using documents produced in this case in other State Farm cases, they are first to provide defendants with reasonable notice of their intent to do so (notice via letter will suffice). If the parties are thereafter unable to agree on such use of the documents, plaintiffs are to move the judge(s) presiding over those other State Farm cases to determine the documents' relevancy in those proceedings. The terms of the protective order entered in this case shall remain in effect throughout this process.

Magistrate Judge Chasez Order dated Sept. 16, 2008 (Rec. Doc. 111). This appeal by Defendants followed.

## II. ANALYSIS

Non-dispositive pretrial matters may be referred for consideration to a United States magistrate judge. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Any such pretrial matter referred to a magistrate judge may be reconsidered by this Court "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

Under Rule 26(c), "[a] party or any person from whom discovery is sought may move for

2

a protective order in the court where the action is pending," and the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "As a general proposition, a district court can exercise its sound discretion in determining how far to restrict discovery; and, in particular, the decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion." *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 n.27 (5th Cir. 1999) (citation omitted). Protective orders are characterized as "flexible devices," Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, 8 Federal Practice & Procedure 2d § 2044.1 (2008), and are "designed to shape the changing needs of the litigation and subject to continued modification." *Granger v. Slade*, 90 Fed. Appx. 741, 742 (5th Cir. 2004). "In general, they are to be entered only on a specific showing of good cause, but on many occasions they are embodied in 'umbrella' orders entered on stipulation in advance of discovery and apply to all materials deemed confidential by the producing party." 8 Federal Practice & Procedure 2d § 2044.1 (footnotes omitted).

Parties may seek modification of a protective order to gain access to previously deemed confidential materials. The Fifth Circuit has "recognize[d] that protective order should generally be modified to allow discovery in other actions . . . ." *Stack v. Gamill*, 796 F.2d 65, 68 (5th Cir. 1986). Plaintiffs here sought modification of the protective order to allow use of the protected materials in other litigation. As explained in Wright & Miller:

> Where access is requested to material covered by a protective order for use in other litigation, the court is confronted with a choice between two concerns grounded in Rule 1. One is that protective orders facilitate the speedy and inexpensive disposition of litigation by avoiding discovery disputes. A second is that requiring litigants to re-do discovery conflicts is wasteful and delays litigation.

3

Wright, Miller & Marcus, 8 Federal Practice & Procedure 2d § 2044.1. The following factors should be considered in deciding whether to modify a protective order: "(1) the nature of the protective order, (2) the foreseeability, at the time of issuance of the order, of the modification requested, (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification." *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*, 234 F.R.D. 175, 179 (N.D. Ill. 2006) (citing *Bayer AG and Miles, Inc. v. Barr Laboratories, Inc.*, 162 F.R.D. 456, 460 (S.D.N.Y. 1995)); *see Peoples v. Aldine Indep. Sch. Dist.*, Civ. A. No. 06-2818, 2008 WL 2571900, at *2 (S.D. Tex. June 19, 2008) (citing *Murata*); *Holland v. Summit Tech., Inc.*, No. Civ. A. 00-2313, 2001 WL 1132030, at *2 (E.D. La. Sept. 21, 2001) (applying *Bayer*).

Realizing the broad discretion granted to the district judge, and the standard of review of the magistrate judge's ruling, this Court finds that Magistrate Chasez's order was not clearly erroneous. The original protective order itself was not designed by the court, but instead was a "blanket" order agreed upon by the parties. *See Raytheon Co. v. Indigo Sys. Corp.*, No. 4:04-CV-109, 2008 WL 4371679, at *2 (E.D. La. Sept. 18, 2008). This factor weighs against modification. It is unclear whether the parties could have foreseen this modification, although the fact that Plaintiffs sought this modification so soon after entry of the protective order suggests that they had forgotten to make these terms part of the negotiations. The short period of time also suggests that there has not been much reliance on the protective order by the Defendants as of yet. The Court does note that the Fifth Circuit has favored discovery in other actions, although the existence of other actions is still speculative here.

This Court is most persuaded to affirm Magistrate Judge Chasez's modification because it was properly moderated here. The magistrate judge only provided a means by which only

4

Plaintiffs' counsel could seek to use Xactware's confidential material in other litigation against State Farm.  No third parties are permitted to gain access under this modification – such parties would have to make a motion to intervene in this case to modify the protective order further.  Xactware asserts that it is speculative to modify the protective order when no other litigation is pending; however, the court where this future litigation is pending will have to determine the relevance of the materials before permitting them to be used in collateral litigation.  And, while Xactware may be under a burden to then oppose any use of confidential information in another forum, that other forum is the best locus to decide whether the materials are relevant to the pending litigation.  In light of these limitations, this Court finds that the magistrate judge's decision does not place a significant onus on Xactware, and instead it is an appropriate modification.

**III.  CONCLUSION**

For the foregoing reasons, accordingly,

**IT IS ORDERED** that the Appeal from the Magistrate Judge's Decision Modifying the Protective Order (Rec. Doc. 121) is **DENIED,** and the decision of the magistrate judge is **AFFIRMED.**

New Orleans, Louisiana, this __10th__ day of March, 2009.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE**