UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATHLEEN AND GORDON SCHAFER, | * | CIVIL ACTION |
| | * | |
| Plaintiffs, | * | NO. 06-8262 |
| | * | |
| VERSUS | * | SECTION "K"(5) |
| | * | |
| STATE FARM FIRE AND CASUALTY COMPANY AND XACTWARE SOLUTIONS, INC., | * | JUDGE DUVAL |
| | * | |
| | * | MAGISTRATE CHASEZ |
| | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
THE SUPPLEMENTAL REPORT OF DR. JAMES ADRIAN**

Defendant State Farm Fire and Casualty Company ("State Farm") respectfully submits this Opposition to Plaintiffs' Motion to Strike the Supplemental Report of Dr. James Adrian ("Plaintiffs' Motion to Strike").

The Supplemental Report unquestionably is entirely proper, as was State Farm's submission of that Report. The Supplemental Report, which perhaps could more accurately have been styled as a "Reply Report," does nothing more than address and respond to the entirely new unit pricing comparisons that Plaintiffs unveiled for the first time in their class certification brief, which was filed weeks *after* Dr. Adrian's original Report was due and was timely provided. The Supplemental Report was not out of time, and it is appropriately limited to address only matters

that Plaintiffs themselves contend are relevant to the class certification issue. Plaintiffs' Motion to Strike should be denied.

I. **The Supplemental Report Was Not Untimely, But Rather Gave Plaintiffs Fair Notice of Responsive Opinions Dr. Adrian Would Give at the Class Certification Hearing.**

Plaintiffs' contention that the Adrian Supplemental Report was untimely or a violation of any Court Order simply is insupportable. Indeed, far from being produced *late*, the inclusion of Dr. Adrian's Supplemental Report with State Farm's opposition brief on class certification actually was an *advance* disclosure of the responsive opinions Professor Adrian would give at the upcoming hearing on class certification to rebut any supposed evidentiary offerings Plaintiffs may make at that time. As Plaintiffs expressly concede, Dr. Adrian's Supplemental Report was prepared in response to calculations and pricing comparisons Plaintiffs offered for the first time in February, 2009, as part of their class certification arguments attacking State Farm's alleged underpayment of Louisiana homeowners claims based on its use of supposedly inadequate unit prices on its repair cost estimates. *See* Docket No. 194-2 at 1-2. Dr. Adrian's original Report, however, was due and was disclosed weeks earlier, in January, 2009. Obviously, Dr. Adrian had no way to know in advance of Plaintiffs' filing that these particular selective (and, as it turns out, misleading) calculations or comparisons would later be drawn by Plaintiffs.[1] And, significantly, Plaintiffs chose not to question Dr. Adrian about these comparisons when they deposed him in January, 2009. Plaintiffs' suggestion that State Farm "broke the rules" by providing Dr. Adrian's Supplemental report "late" under the expert disclosure deadline, and was somehow

---

[1] As Dr. Adrian noted in his Supplemental Report, the comparisons were misleading in multiple respects. For instance, the Craftsman 2006 Gulf Coast Estimator that Plaintiffs celebrate at page 4 of their class certification brief as supposedly having more favorable unit pricing than State Farm's actually would provide hundreds of dollars less for a typical roof repair than State Farm's pricing.

lying in wait with that Report in order to ambush Plaintiffs, must be rejected out of hand. *See* Docket No. 194-2 at 1-2.

In fact, State Farm's provision of Dr. Adrian's Supplemental Report actually was made *well in advance* of when his expert rebuttal views could appropriately be presented – at the class certification hearing on April 8, 2009, following Plaintiffs' evidentiary presentation (which presumably will largely track their certification brief). State Farm intends to call Dr. Adrian as a witness at the class certification hearing. State Farm could have simply waited until the hearing itself to question Dr. Adrian about the new price comparisons discussed in Plaintiffs' class certification brief. Instead, State Farm disclosed Dr. Adrian's opinions now, giving Plaintiffs fair warning of his analysis. State Farm's early disclosure was not "gamesmanship," it was proper disclosure of rebuttal views, playing fully and fairly by the rules. Plaintiffs have no basis to complain that they have been harmed by the timing of Dr. Adrian's Supplemental Report.

**II.     Plaintiffs' Attempt to Strike the Supplemental Report as "Merits Based" is Disingenuous.**

Remarkably, Plaintiffs' remaining attack on Dr. Adrian's Supplemental Report is that it supposedly is "merits based" and thus is inappropriate for consideration on class certification. *See* Docket No. 194-2 at 2. It is extraordinary that Plaintiffs would attempt to make this argument with a straight face, given that they expressly acknowledge that the Supplemental Report only responds to matters *they raised in their class certification brief*. *Id.* at 1-2. Plaintiffs chose to place these new matters at issue, and having done so, they cannot legitimately ask this Court to preclude State Farm's response on the theory that any rebuttal "goes to the merits" of the case. Nor can Plaintiffs shield themselves from State Farm's rebuttal of their lawyer-sponsored submission simply because they have no expert for State Farm's expert to rebut. *See id.* State Farm's available methods of proof, including its right to offer responsive expert

opinions to Plaintiffs' attempted proofs, cannot be circumscribed by Plaintiffs' tactical decision to proceed on class certification without experts of their own.

WHEREFORE, for all of the foregoing reasons, State Farm respectfully requests that this Court deny Plaintiffs' Motion to Strike the Supplemental Report of Dr. Adrian.

Respectfully submitted,

/s/ J. Dalton Courson
Wayne J. Lee, 7916, T.A.
Mary L. Dumestre, 18873
Michael Q. Walshe, Jr., 23968
J. Dalton Courson, 28542
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Fax: (504) 581-3361
Email:    wlee@stonepigman.com
          mdumestre@stonepigman.com
          mwalshe@stonepigman.com
          dcourson@stonepigman.com

and

Joseph A. Cancila, Jr. (admitted pro hac vice)
Heidi Dalenberg (admitted pro hac vice)
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois 60606-6473
Telephone: (312) 258-5500
Fax: (312) 258-5600
Email:    jcancila@schiffhardin.com
          hdalenberg@schiffhardin.com

*Attorneys for State Farm Fire and Casualty Co.*

-5-

## **C E R T I F I C A T E**

      I hereby certify that a copy of the above and foregoing Opposition to Plaintiffs' Motion to Strike the Supplemental Report of Dr. James Adrian has been served upon all counsel of record by electronic notice from the Court's CM/ECF system, this 23rd day of March, 2009.

                                      */s/ J. Dalton Courson*

970105v.1