UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KATHLEEN & GORDON SCHAFER**                                             **CIVIL ACTION**

**VERSUS**                                                                                    **NO. 06-8262**

**STATE FARM & FIRE CASUALTY COMPANY, ET AL.**                **SECTION "K"(5)**

ORDER AND REASONS

Before the Court is a Motion to Exclude the Supplemental Expert Testimony of Dr. James Adrian (Rec. Doc. 194) ("Mot."). The motion was filed by Plaintiffs Kathleen and Gordon Schafer. Defendant State Farm Fire & Casualty Company ("State Farm") has filed an opposition (Rec. Doc. 198) ("Opp."). This Court will grant the motion.

**ANALYSIS**

The underlying facts of this case are presumed. The parties are preparing for the class certification hearing, and to that end State Farm proffered Dr. Adrian as an expert in construction estimating. By order of this Court dated March 25, 2009 (Rec. Doc. 211), Dr. Adrian's report was deemed admissible insofar as his opinions were relevant to class certification. Plaintiffs in the present motion assert that State Farm has unfairly supplemented the report of Dr. Adrian in State Farm's opposition to class certification. Plaintiffs also allege that the supplemental report is irrelevant insofar as it concerns issues relating to the merits of the case instead of class certification. State Farm replies that Dr. Adrian created the report to rebut price calculations in

1

Plaintiffs' motion for class certification, and that the report was supplied to give Plaintiffs fair warning of the rebuttal testimony Dr. Adrian would give during the hearing.

Rule 26(a)(2) states that any expert written report must be disclosed to other parties at least 90 days before trial, or otherwise as the court directs. Fed. R. Civ. P. 26(a). Supplemental reports are permitted under Rule 26(e), but only if "the party learns that in some material respect the disclosure was incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," or as ordered by the court. No court order was issued requiring such submission, and Dr. Adrian's supplemental report concerns comparisons of price lists, lists that presumably were exchanged during discovery and therefore concern no new evidence. Rule 37(c) provides that where a party fails to provide information as required under Rule 26 (a) or (e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). The Court's original case management order in this case required State Farm to submit its expert reports regarding class certification by January 15, 2009. (Rec. Doc. 112). By minute entry dated January 27, 2009, this Court extended all class certification discovery deadlines to February 13, 2009. (Rec. Doc. 149). At latest, State Farm had to submit all expert reports by February 13th. State Farm submitted Dr. Adrian's supplemental report on March 16, 2009 as an exhibit to its opposition to class certification. (Rec. Doc. 182, Ex. 15). Therefore, State Farm's submission is late, unless otherwise justified or harmless.

State Farm asserts that its late submission should be permitted because Dr. Adrian is only giving a preview of what his testimony will be during the hearing. However, Dr. Adrian cannot

formulate new opinions in a supplemental report; he can only testify within the bounds of his original opinion. *Simmons v. Johnson*, Civ. A. No. 06-325-A-M2, 2008 WL 474203 (M.D. La. Feb. 14, 2008) (holding plaintiffs could not "skirt the [expert] disclosure requirements of Rule 26 by characterizing 'new' opinions in [the expert's] supplemental report as 'supplemental'") (internal quotation marks and citation omitted); *Brumley v. Pfizer, Inc.*, 200 F.R.D. 596, 603 (S.D. Tex 2001) (excluding as untimely expert affidavit containing new opinions submitted after expert's original report). Moreover, State Farm cannot characterize it as a rebuttal expert report because it was made in response to the Plaintiffs' motion for class certification, and Plaintiffs are not proffering any experts in this case. *See* Fed. R. Civ. P. 26(a)(2) (permitting rebuttal expert reports to be submitted within 30 days of submission of another party's expert report). Dr. Adrian's expert testimony shall be limited to the opinions expressed in his original report.

### III.  CONCLUSION

For the foregoing reasons, accordingly,

**IT IS ORDERED** that the Plaintiffs' Motion to Exclude the Supplemental Expert Testimony of Dr. James Adrian (Rec. Doc. 194) is **GRANTED.**

New Orleans, Louisiana, this __26th__ day of March, 2009.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE**

3