## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATHLEEN AND GORDON SCHAFER, | * | CIVIL ACTION |
| Plaintiffs, | * | NO. 06-8262 |
| VERSUS | * | SECTION "I"(5) |
| STATE FARM FIRE AND CASUALTY COMPANY AND XACTWARE SOLUTIONS INC., | * | JUDGE AFRICK |
| | * | MAGISTRATE CHASEZ |
| Defendants. | * | |

*******************************************

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DECLASSIFY

Plaintiffs respectfully submit the following Memorandum in Support of their Motion to Declassify.

**MAY IT PLEASE THE COURT:**

Many of the documents produced by State Farm and/or Xactware in this litigation were classified as confidential, although such designation was not warranted. Plaintiffs seek to declassify the following documents as there is no good cause why they cannot be used in other litigation because they do not contain trade secret information: 1) the State Farm price lists; 2) the pricing white paper; 3) fourteen (14) emails; 4) three (3) corporate representative depositions; 5) The deposition of Mr. Economu; 6) Plaintiffs counsel's Powerpoint presentation and all the documents

referenced therein.

The current protective order was stipulated to by the parties and signed by Magistrate Judge Chasez on September 16, 2008. The protective order protects both "personal and private confidential information of nonparties" as well as "trade secrets and other competitively sensitive commercial and/or financial information" from Xactware and State Farm. Paragraph 19 of the Protective Order states as follows:

> 19. A party may object to the designation of material as "Confidential" or "Highly Confidential" and request the Court to permit use or disclosure of the information without regard to the terms of this Order. The failure of any party to object to the designation of information as "Confidential" or "Highly Confidential" does not prevent the party from later objecting to this designation and requesting permission to the Court to remove the documents from the disclosure limitations of this Order. **The burden shall remain with the designating party to establish that the information is a trade secret or otherwise proprietary and confidential.**

Plaintiffs subsequently made a Motion for Amendment/Correction on September 19th, specifically requesting that Plaintiffs be allowed "the use of 'confidential' materials in other litigation against these Defendants." Plaintiffs' Motion to Amend/Correct Order on Motion for Protective Order (Rec.Doc.111). Defendants opposed the motion. Magistrate Judge Chasez granted the Plaintiffs' motion and modified it with the following language:

> If the plaintiffs are desirous of using documents produced in this case in other State Farm cases, they are first to provide defendants with reasonable notice of their intent to do so (notice via letter will suffice). If the parties are thereafter unable to agree on such use of the documents, plaintiffs are to move the judge(s) presiding over those other State Farm cases to determine the documents' relevancy in those proceedings. The terms of the protective order entered in this case shall remain in effect throughout this process.

Magistrate Judge Chasez Order dated Sept. 16, 2008 (Rec.Doc.111).

On March 11, 2009, this Honorable Court affirmed Magistrate Chasez's decision.

## II. THE LAW

The four-factor test set out in *Bayer AG and Miles, Inc. V. Barr Labatories, Inc.,* 162 F.R.D. 456 (S.D.N.Y. 1995) was used in *Holland* to analyze whether to modify the February 2001 protective order. *Holland M.D. v. Summitt Technology, Inc*, 2001 WL 1132030 (E.D. La. 2001). The *Bayer AG* court considered the following factors when a party sought, as here, modification of a stipulated protective order designed to protect matters of private interest:

1. Good cause-if good cause was shown for the original protective order, the burden is on the party seeking modification to show good cause for modification; if good cause was not shown for the original protective order, the burden of showing good cause is on the party seeking continued confidentiality protection;

2. The nature of the protective order (ie: narrow v. broad, court imposed v. court approved upon stipulation of the parties.);

3. The forseeability at the time of the original protective order of the modification now requested; and

4. The parties' reliance on the protective order.

There is no absolute privilege for trade secrets and similar confidential information. *Occidental Chemical Corporation v. Louisiana Public Service Commission*, 2008 WL 566833 (M.D. La. 2008) (*citing, Centurion Industries, Inc. v. Warren Steurer and Associates*, 665 F.2d 323, 325 (10th Cir. 1981)). Whether something constitutes a trade secret is a question of fact. *Wyatt v. PO2, Inc.*, 651 So.2d 359 (La. App. 2d Cir. 3/1/95). The threshold inquiry is whether any legally protectable information exists. A trade secret is information that has independent economic value because it is not generally known or readily ascertainable and efforts are taken to maintain the information's secrecy. *Wyatt, Supra.*

More specifically, according to La. R.S. 51:143 (4), of the Uniform Trade Secrets Act, trade secrets are defined as follows:

> (4) "trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that:
>
> a. derives independent economic value, actual or potential, from not being generally known to and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use, and
>
> b. is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

In *Prudential Insurance Company of America v. Baker*, 499 N.E.2d 1152 (Ind.App. 3rd 1986), the Indiana appellate court explained that information regarding policyholders is generally not confidential since that information is "readily obtainable from the policyholder, the policies, and from the insurance company."

### III. THE DOCUMENTS SOUGHT TO BE DECLASSIFIED SHOULD NOT BE SUBJECT TO A PROTECTIVE ORDER.

According to Paragraph 19 of the Protective Order at issue, "[t]he burden shall remain with the designating party to establish that the information is a trade secret or otherwise proprietary and confidential." It is respectfully submitted that Defendants cannot carry their burden for the following documents which Plaintiffs seek to declassify are neither trade secrets nor proprietary and confidential:

1) The State Farm and Xactware price lists (Exhibit A);

2) The Xactware pricing white paper (Exhibit B);

3) Fourteen (14) email messages (Exhibit C, *in globo*);

4) Four (4) corporate representative depositions

   a) Deposition of James Carlyle Burt, Corp. Rep. of Xactware Services (Exhibit D)

  b) Deposition of Dan Kuntz, Corp. Rep. of State Farm (Exhibit E);

  c) Deposition of Michael A. Fulton, Corp. Rep. of Xactware Solutions (Exhibit F)

  d) The deposition of Harris Economu, Corp. Rep,. of State Farm (Exhibit G);

5)  Plaintiff counsel's PowerPoint presentation and all the documents referenced therein (Exhibit H, *in globo*).

  Ex. 1.  STATE FARM HOMEOWNER'S POLICY [Bates No. SFSchafer000381-410].

  Ex. 2.  SCHAFER SF XACTIMATE REPORT [Bates No. SCH000119-126].

  Ex. 3.  STATE FARM OG 75-01, Claims Procedures - First Party [Bates No. SCH0000215-235].

  Ex. 4.  STATE FARM OG-135, CASE System Management [Bates No. SCH000001011-1020]

  Ex. 5.  XACTWARE PRICING RESEARCH METHODOLOGY [Bates No. XW000407-413].

  Ex. 6.  DEPOSITION OF DAN KUNTZ (11/12/2008), pp.4, 7-12, 14-17, 21-31, 47-48, 64-65, 69, 76-77.

  Ex. 8.  DEPOSITION OF JAMES ADRIAN (1/29/2009), pp.1-28, 42-43, 49-70.

  Ex. 9.  STATE FARM RESPONSE TO INTERROGATORY NO. 1

  Ex. 16.  XACTWARE WEBSITE (www.xactware.com) (2/11/2009).

  Ex. 18.  STATE FARM OG 781-170, Estimates and Reports [Bates No. SCH00001530 - 1540]

  Ex. 30.  AFFIDAVIT OF JOHN LUTHER with Pricing Information from the New Orleans Home Builders Association [Bates No. SCH000217-219].

  Ex. 32.  State Farm Xactimate Pricelist LANO5F5D3 (4th Quarter 2005) (10/3/2005)

  Ex. 33.  Xactware General Pricelist LANO4B5D (4th Quarter 2005) (10/3/2005)

  Ex. 34.  State Farm Xactimate Pricelist LANO2F6B1 (2nd Quarter 2006)

  Ex. 35.  Xactware General Pricelist LANO4S6B (2nd Quarter 2006)

Ex. 36.   State Farm General Pricelist LANO2F7A1 (1st Quarter 2007)

Ex. 37.   Xactrware General Pricelist LANO4B7A (1st Quarter 2007)

Ex. 43.   State Farm Claim No. 18-R654-448 [Bates No. 6289]

Ex. 47.   DEPOSITION TESTIMONY OF CHRIS LAPINSKIE as the 1442 Representative of State Farm (1/9/2009), *Dorberth v. State Farm,* No. 107-025, 34th JDC, State of Louisiana, pp.82-83.

Ex. 48.   AFFIDAVIT OF DAN KUNTZ, Feb. 2, 2009.

Ex. 50.   STATE FARM RECORDS MANAGEMENT MANUAL - Chapter 1: Policy Statements [Bates No. SCH00000677 - 680]

Ex. 59.   STATE FARM OG-783, Claim Procedures; Xactimate 2002, (11/6/2002) [Bates No. SCH0001041-1048]

Ex. 60.   STATE FARM OG-783, Claim Procedures; Xactimate 24, (2/8/2006) [Bates No. SCH0001049-1051]

Ex. 61.   DEPOSITION OF XACTWARE CORPORATE 30(b)(6) REPRESENTATIVE MICHAEL FULTON (2/12/2009), pp.6-8, 15-25, 31, 39, 46-49, 64-72, 86-93, 104-105, 122-130, 134-136, 142, 152-153, 157, 164-165, 173-175, 189, 204, 215, 219, 240.

Ex. 62.   DEPOSITION OF STATE FARM CORPORATE 30(b)(6) REPRESENTATIVE HARRIS ECONOMOU (2/13/2009), pp.4, 6, 11, 14, 19-20, 25-30, 34-51, 63-64, 67-70, 73, 76-88, 90-95, 102-103, 108, 110-113, 119, 122, 139-142, 145-150, 160-163, 169.

Ex. 63.   XACTANALYSIS USER'S GUIDE [Bates Nos. XW00793-1000].

Ex. 64.   E-MAIL FROM D. ADAM (Xactware) TO B. JACKMAN (Xactware), Aug. 24, 2007 [Bates No. XW003560].

Ex. 65.   E-MAIL FROM M. PEOPLES (State Farm) TO M. WESLEY (State Farm), Jan. 4, 2007 [Bates Nos. SCH00017801-17802].

Ex. 68.   AFFIDAVIT OF ANNE GRON (Feb. 26, 2009).

Ex. 69.   Excerpt from STATE FARM POWERPOINT [Bates No. SCH00003671].

Ex. 71.   E-MAIL FROM G. GAUBERT (State Farm) TO M. RICHTER (State Farm), Oct. 18, 2006 [Bates No. SCH00014292].

Ex. 72.   E-MAIL FROM M. RICHTER (State Farm) TO J. WISENBAKER (State Farm), Jan. 18, 2007 [Bates No. SCH00016603].

Ex. 74.   E-MAIL FROM B. BRAKE (State Farm) TO M. RICHTER (State Farm), May 25, 2007 [Bates No. SCH00017340].

Ex. 75.   E-MAIL FROM M. PEOPLES (State Farm) TO B. GOURGUES (State Farm), May 31, 2006 [Bates No. SCH00018323].

Ex. 76.   E-MAIL FROM M. PEOPLES (State Farm) TO B. TURNER (State Farm), March 8, 2007 [Bates No. SCH00018365-18366].

Ex. 77.   E-MAIL FROM M. RICHER (State Farm) TO T. VASQUEZ (State Farm), Jan. 11, 2006 [Bates No. SCH00018474].

Ex. 78.   E-MAILS BETWEEN D. GROS (State Farm) AND M. RICHTER (State Farm), Feb. 6, 2006 [Bates No. SCH00018323-18525].

Ex. 80.   E-MAILS BETWEEN D. ANDRAS (State Farm) AND G. GAUBERT (State Farm), Feb. 26, 2007 [Bates No. SCH00021738].

Ex. 81.   E-MAIL FROM G. GAUBERT (State Farm) TO M. PEOPLES (State Farm), Jan. 11, 2007 [Bates No. SCH00021788].

Ex. 82.   E-MAIL NOTICE FROM XACTANALYSIS (Xactware) TO G. GAUBERT (State Farm), Nov. 15, 2006 [Bates No. SCH00022048].

Ex. 83.   E-MAIL NOTICE FROM XACTANALYSIS (Xactware) TO G. GAUBERT (State Farm), June 1, 2006 [Bates No. SCH00022049].

Ex. 85.   BUILDING COST DATA: How Much Increase? (May 1, 2007) [Bates No. XW003649].

Ex. 87.   IMPACT ON BUILDING COST DATA [Bates No. XW003720].

Ex. 89.   STATE FARM ROLES FOR CAT PL (9/16/2005) [Bates Nos. SCH0001834-1836].

Ex. 91.   E-MAILS BETWEEN T. RICHWINE (State Farm) AND M. RICHTER (State Farm), June 13, 2007 [Bates Nos. SCH00017521-17522].

Ex. 92.   E-MAIL FROM D. SEPULVEDA (State Farm) TO B. OLDHAM (State Farm), Feb. 7, 2006 [Bates Nos. SCH00013841-13843].

Ex. 93.   E-MAIL FROM M. RICHTER (State Farm) TO M. MILNER (State Farm), April 5, 2007 [Bates No. SCH00017153].

> Ex. 94. PROS AND CONS FOR USING SURVEYED ROOFING PRICES [Bates No. SCH00015175].
>
> Ex. 95. BASE SERVICE CHARGES (Oct. 14, 2002) [Bates Nos. SCH00017504-17505].
>
> Ex. 97. E-MAILS BETWEEN M. RICHTER (State Farm) AND D. JONES (State Farm), Nov. 30, 2006 [Bates No. SCH00018655].
>
> Ex. 105. CD CONTAINING STATE FARM DATABASE (SFSchafer 00467).
>
> Ex. 106. SPREADSHEETS PRODUCED BY STATE FARM - MATERIAL USED BY NERA TO GENERATE SAMPLE (SFSchafer 00468).

The State Farm and Xactware price lists and the Xactware pricing white paper are two sets of documents which have already been published to the public and are not trade secrets. The price lists were published to insureds during the claims process (who subsequently provided those prices to all sorts of other adjusters and contractors) and the pricing "white paper" is in the Xactimate program sold to all buyers. Additionally, the State Farm price lists were published to independent adjusters used by other insurance companies. Since these are both published, no legally protectable information exists in these two categories of documents.

The emails that Plaintiffs seek to declassify are attached as Exhibit C, *in globo*, and have the following Bates numbers: XW 3560, SCH 14292, SCH 16603, SCH 16620, SCH 16647, SCH 17153, SCH 17340, SCH 17521, SCH 18474, SCH 18523, SCH 18655, SCH 21788, SCH 21946, and SCH 22048. It is respectfully submitted that Defendants cannot carry their burden of showing that any of the information contained in these emails constitute "trade secrets" or are otherwise proprietary and confidential.

Likewise, the depositions of the corporate representatives in the case should not be subject to the protective order. No trade secrets were disclosed by the corporate representatives in these depositions.

Finally, Plaintiffs' PowerPoint presentation and the documents contained therein should not be subject to the protective order because the documents and testimony utilized in the PowerPoint were presented in open court and therefore already "published."

## IV.   CONCLUSION

Given the foregoing, Plaintiffs respectfully request that this Honorable Court grant their Motion to Declassify.

This 3rd day of September, 2009.

Respectfully Submitted,

/s/ Soren E. Gisleson
**STEPHEN J. HERMAN**, La. Bar No. 23129
**SOREN E. GISLESON**, La. Bar No. 26302
**HERMAN, HERMAN, KATZ & COTLAR, LLP**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax No. (504) 561-6024
E-Mail: sgisleson@hhkc.com


**T. CAREY WICKER, III**, La. Bar No. 13450
**J. ALEX WATKINS,** La. Bar No. 29472
**CAPITELLI & WICKER**
1100 Poydras Street
2950 Energy Centre
New Orleans, Louisiana  70163-2950
Telephone:  (504) 582-2425
Fax No. (504) 582-2422
E-Mail: JAW@Capitelliandwicker.com


**MARK P. GLAGO**, La. Bar No. 25395
**The Glago Law Firm, LLC**

365 Canal Street, Suite 1700<br>
New Orleans , Louisiana 70130<br>
Telephone: (504) 599-8666<br>
Fax No. (504) 599-8699<br>
E-Mail: mglago@glagolawfirm.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing Motion was filed electronically with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system thereby serving notice on all counsel on the 3rd day of September, 2009.

/s/ Soren E. Gisleson