UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATHLEEN SCHAFER | : | CIVIL ACTION NO. 06-8262 |
| Wife of/and GORDON SCHAFER | : | |
| | : | SECTION "I" (5) |
| Versus | : | |
| | : | JUDGE AFRICK |
| STATE FARM FIRE & CASUALTY | : | |
| COMPANY *et al.* | : | MAGISTRATE JUDGE CHASEZ |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT
MOTION FOR RETURN OF CERTAIN CONFIDENTIAL DOCUMENTS**

Defendants State Farm Fire and Casualty Company ("State Farm Fire") and Xactware Solutions, Inc. ("Xactware") respectfully submit this Memorandum in Support of their Motion for Return of Certain Confidential Documents pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Protective Order entered herein.

The discovery undertaken to date in this action occurred while the case was a proposed Louisiana class action in which the Plaintiffs, Kathleen and Gordon Schafer, claimed that State Farm Fire was using "below market" prices supplied by Xactware when preparing repair cost estimates for its Louisiana homeowners insureds whose homes had been damaged during and after Hurricane Katrina.  While Plaintiffs' case was so framed, Judge Duval entered a Case Management Order that focused initial discovery primarily on the issues surrounding Plaintiffs' request for class certification.  *See* Docket No. 112.  In addition, to facilitate discovery, the parties proposed a Stipulated Protective Order that was entered by Magistrate Judge Chasez on September 16, 2008 and subsequently amended on Plaintiffs' motion shortly thereafter (hereinafter the "Protective Order").  *See* Dockets Nos. 111 and 120.

992871v.1

Following entry of the Protective Order, State Farm Fire and Xactware produced an immense quantity of information and documents to Plaintiffs that was discoverable only due to the class allegations contained within Plaintiffs' Complaint. Much of that production was designated as Confidential[1] under the Protective Order.

The asserted class portion of this case is now over. On August 3, 2009, after an evidentiary hearing on class issues, Judge Duval ruled that Plaintiffs' asserted class claims could not be certified for class treatment and denied Plaintiffs' motion for class certification. *See* Docket No. 222. Plaintiffs did not appeal that ruling. Thus, the scope of this action is now dramatically different. The only remaining issue in this case is the handling of the Schafers' individual claim for wind damage, and whether Plaintiffs are owed damages based on the particular November, 2005 State Farm Fire repair cost estimate they personally received or for some other policy benefit relating to their own individual loss.

The vast majority of the Confidential discovery materials that State Farm Fire and Xactware previously produced in this case have no conceivable bearing on Plaintiffs' individual claims. With Plaintiffs' need for that discovery material removed, Plaintiffs have no business keeping it. State Farm Fire and Xactware conferred with Plaintiffs pursuant to Local Rule 37.1E regarding the return of those Confidential materials that are no longer relevant to this matter. The parties, however, have not been able to resolve this issue by agreement. State Farm Fire and Xactware accordingly request that this Court grant their Joint Motion and order (i) that Plaintiffs may only retain during any remaining pendency of this case the subset of each Defendant's Confidential information that is identified below, which materials must continue to be treated in

---

[1] The Protective Order permits designation of materials as "Confidential" or "Highly Confidential," depending upon the nature of the material. The term "Confidential" as used herein refers to material produced by State Farm Fire or Xactware with either of those two designations.

accordance with the Protective Order, and (ii) as to all other Confidential information previously produced by either Defendant, Plaintiffs must within 30 days either return that information to the producing party or certify to that party that the materials have been destroyed.

### Background

*Plaintiffs' Class Allegations and Initial Discovery.* As noted above, Plaintiffs previously sought to represent a proposed class in this case. That asserted class was proposed to include all Louisiana residents who had homeowners insurance with State Farm Fire, who had suffered damage to their home at any time on or after August 29, 2005, and who received a "one-time" claim payment from State Farm Fire based on an estimate prepared using "Xactware and/or Xactimate-related pricing." *See* Docket No. 156 (Plaintiffs' Motion for Class Certification) at p. 1. In support of their class certification request, Plaintiffs propounded wide-ranging discovery directed to State Farm Fire regarding virtually every aspect of its homeowners insurance claim handling practices in Louisiana during the period from August 29, 2005 forward. That discovery included demands for a vast array of State Farm Fire's Confidential records, including hundreds of price lists that State Farm Fire used at different times and in nine different locations within Louisiana over a multi-year period, more than 2,000 internal State Farm Fire pricing-related e-mails (none of which were specific to Plaintiffs' individual claim), information regarding State Farm Fire's proprietary databases and computer systems, and Company guidelines detailing claims-related programs (such as State Farm Fire's proprietary Premier Service Program) that were never used in the handling of Plaintiffs' individual claim.

Likewise, Plaintiffs served extensive class-related discovery directed to Xactware, making broad demands for Confidential materials, including the price lists that Xactware published relating to the same nine geographic locations within Louisiana over the same multi-year period (which numbered well over three hundred), all e-mails sent or received by an

Xactware employee over several years without regard to the subject matter of those e-mails, information regarding Xactware's proprietary databases and computer systems, and proprietary manuals and guidelines relating to Xactware's pricing methodology.

*State Farm Fire's Prior Production of Confidential and Non-Confidential Materials.* State Farm Fire's production in response to Plaintiffs' class-related discovery demands was substantial. Much of that production consisted of materials that were produced without any confidentiality designation, including Plaintiffs' claim file materials, State Farm Fire's Louisiana homeowners insurance policy forms and endorsements for the assertedly relevant time period, and more than 30 of the Company's general claim handling Operations Guides. State Farm Fire *is not* asking for any of these non-confidential materials to be returned to it.

In addition to this non-confidential production, however, State Farm Fire also produced a massive quantity of information to Plaintiffs that was classified as Confidential under the Protective Order. That Confidential information included:

- hundreds of time and area-specific price lists used by State Farm Fire claims personnel in preparing dwelling repair estimates for insureds (had these materials been produced in hard copy, they would have spanned more than 100,000 pages);[2]

- additional internal Company guidelines addressing competitively sensitive information;

- internal and competitively sensitive business e-mails by State Farm Fire employees that addressed general pricing issues for miscellaneous repair items in different locations throughout Louisiana; and

- a claim file sampling comprised of 143 Louisiana homeowners insurance claim files.

---

[2] Different price lists were used for nine different pricing territories within Louisiana, and the price lists in each geographic location were updated on at least a quarterly basis (and more frequently post-Katrina) during the timeframe that Plaintiffs sought to place in issue.

-4-

In addition, State Farm Fire presented corporate representative witnesses to testify on topics that included competitively sensitive information regarding the structure of State Farm Fire's internal computer systems and confidential aspects of its estimating and claim handling practices.

*Xactware's Prior Production of Confidential Materials.* Xactware also produced a substantial volume of Confidential materials in response to Plaintiffs' class-related discovery demands, including thousands of pages of pricing information in the form of 315 price lists, explanations and definitions related to those lists, numerous documents detailing the methodology underlying the lists and pricing, and a number of emails, none of which relate to the price list that was allegedly used by State Farm to adjust the Schafers' claim. In addition, Xactware produced two witnesses to testify regarding Xactware's proprietary computer systems and its methodology for developing the prices used in its published price lists, both of which implicate competitively sensitive and/or trademark information.

*Plaintiffs' Individual Claims Following Denial of Class Certification.* The issues remaining as to Plaintiffs' individual claims in this case are narrow and particularized. For instance, Plaintiffs previously have emphasized that they did not challenge the manner in which State Farm Fire prepared their claim estimate, and instead were only complaining of the prices that State Farm Fire used in preparing that estimate. Discovery on Plaintiffs' individual claim has shown, however, that the total insurance payments that Plaintiffs received for their claims under their homeowners and flood policies exceeded their own contractor's repair estimate by approximately $40,000, and that both the substantial enhancements and upgrades that Plaintiffs made during the repair of their home (including adding a two-story, 1150 square foot addition to the home) and the generalized nature of their contractor's records make it essentially impossible to compare any other prices in State Farm Fire's prior estimate to Plaintiffs' actual costs of

repair.[3] As to any other forms of alleged damages, Plaintiffs to date have either been unable or unwilling to state what those damages may be or how Plaintiffs contend those damages should be computed.

*The Limited Nature of Defendants' Request for Return of Material.* As stated above, State Farm Fire obviously is not requesting that Plaintiffs return any portion of State Farm's non-confidential production. Nor are State Farm Fire and Xactware asking Plaintiffs for the immediate return of *all* Confidential information that they have produced to date in this case. To the contrary, State Farm Fire and Xactware each have informed Plaintiffs that, while not conceding the relevance of any materials to Plaintiffs' individual claims, there is no present objection to Plaintiffs' continued retention of the following subsets of Confidential information (subject, of course, to the terms of the Protective Order) previously produced until the ultimate termination of the litigation:

> **The State Farm Fire Confidential Materials**
> Deposition of Harris Economou
> Deposition of James Adrian
> Expert Report of James Adrian
> Supplemental Report of James Adrian
> State Farm Price List LANO5F5D3
> State Farm OG 783-100 dated 11/6/02 – Claim Procedures, Xactimate 2002
> State Farm OG 70-135 dated 12/10/03 – CASE System Management
> State Farm OG 70-21 dated 8/25/04 – Claim Settlement Authority
> State Farm OG 753-100 dated 6/15/05 – Overview
> Pricing Specialist Workshop materials
> Estimate Review / Comparison / Reconciliation
> Reconciliation Job Aid

---

[3] As Judge Duval noted in his Order denying class certification in this case, the extensive improvements and enhancements that Plaintiffs chose to make during repair of their home may well make it "difficult to ascertain whether the Schafers actually were harmed by allegedly low prices used" in State Farm Fire's estimate. *See* Docket No. 222 at p. 12, n.5. Moreover, Judge Duval's Order expressly recognizes that neither Plaintiffs nor any other insured can recover from State Farm Fire on any claims if the total payment they received exceeded the reasonable cost of their necessary repairs, and accordingly did not suffer a harm or injury. *See* Docket No. 222.

-7-

    Claims Issues Memos 1-5
    Hurricane Katrina -  Advance Payments
    Quick Reference Guide for Adjustors
    Katrina Claims Memo 5
    Katrina Claim Memo
    Conference Call Notes 9/7/05

    ***The Xactware Confidential Materials***
    Deposition of Michael A. Fulton
    Deposition of James Carlyle Burt
    Xactware Pricing Research Methodology
    Xactware Price List LANO4B52
    Xactware Price List LANO5F52

State Farm Fire and Xactware provided these listings of materials to Plaintiffs, and further agreed to confer regarding any additional Confidential material that Plaintiffs believe have continued relevance to their remaining individual claims.  Plaintiffs, however, have refused to return any of Defendants' previously-produced Confidential materials at this time, and declined to state whether (and if so, how) they contend that these listed Confidential materials or any others are relevant to their individual claims.

    *The Protective Order.*  Under the Protective Order as amended, Plaintiffs may not use State Farm Fire's or Xactware's Confidential information for any purpose other than the litigation of the instant case absent the producing Defendant's prior consent or prior Court approval.[4]  Further, there is no dispute that at the conclusion of this matter, all of the Confidential materials produced by State Farm Fire and Xactware (and all copies of thereof) must either be

---

[4] The Order originally provided that "Confidential or Highly Confidential material shall be maintained in confidence, shall be used solely for purposes of this action or any appeal and for no other purposes and in no other litigation." *See* Docket No. 111 at Para. 8.  The Order subsequently was amended to permit Plaintiffs to seek Xactware or State Farm Fire's permission to use the materials in other actions, and to seek relief from the appropriate court if such permission were denied.  *See* Docket No. 120.  Plaintiffs to date have not sought permission to use any of State Farm Fire's or Xactware's Confidential information in any other action.

returned to the producing party or Plaintiffs must verify that all such materials have been destroyed:

> 25. Within ninety days of the termination of this action, whether by judgment, settlement or otherwise, all Confidential and Highly Confidential documents, and all copies thereof that were provided for parties, counsel, their respective clerical, secretarial and support staff or outside consultants and/or experts shall be returned to the producing party. In addition, all documents that incorporate Confidential or Highly Confidential materials or information extracted from Confidential or Highly Confidential documents produced in this action shall be returned to the party who produced the Confidential or Highly Confidential information. In the alternative, counsel shall verify to the producing party by signed affidavit that all Confidential and Highly Confidential documents, information, and all copies thereof have been destroyed.

Requirements such as these are commonplace in protective orders, because, at the conclusion of a case, there is no legitimate need for a plaintiff's continued possession of a defendant's confidential information. *See, e.g.*, *Blanchard & Co., Inc. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485 (E.D. La. April 5, 2004); *Colaprico v. Sun Microsystems, Inc.*, No. 90-20610-SW, 1994 WL 514029 at *3 (N.D. Cal. Aug. 22, 1994) ("Since this case has concluded, Respondents no longer have any legitimate interest in the information Defendants produced during discovery."). Likewise, there is no legitimate need to retain discovery material only pertinent to the class allegations in a complaint where Plaintiffs' motion for class certification has been denied and they have not appealed that ruling.

## Argument

Rule 26(c) provides that a Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Orders pursuant to Rule 26(c) routinely are entered to address the appropriate treatment of confidential information produced in the course of litigation. *See, e.g.*, *Guidry v. U.S.*, No. Civ.A. 03-2647, 2004 WL 2982808 (E.D. La. Dec. 22, 2004); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc.*, No. Civ.A. 97-3012, 1998 WL 186728 (E.D. La. April 17, 1998).

And, in considering such discovery orders, it is well-settled that a "trial court enjoys wide discretion in determining the scope and effect of discovery." *Sanders v. Shell Oil co.*, 678 F.2d 614, 618 (5th Cir. 1982). State Farm Fire and Xactware have shown good cause for the relief sought here. Plaintiffs have *no* legitimate interest in retaining Confidential information that at most was only pertinent to their now-defunct and overruled class allegations. Indeed, in many other individual Katrina cases, courts have denied other insureds' requests for discovery that is broader than the non-confidential information that State Farm Fire has already produced to Plaintiffs here. Given that, the Confidential materials at issue here should be returned to State Farm Fire and Xactware as requested.

In considering the need for a protective order, the proper balancing test for the court includes weighing the requesting party's need for another party's confidential information – e.g., its potential relevance – against the risk that the producing party faces if there is an inadvertent or accidental disclosure of the information. *See Microsoft Corp. v. Commonwealth Scientific and Industrial Research Organisation*, No. 6:06-CV-549 *et al.*, 2009 WL 440608, at * 2 (E.D. Tex. Feb. 23, 2009) ("Courts weigh the risk of inadvertent or accidental disclosure of the confidential information against the receiving party's need for the material to prosecute or defend its claims"); *see also Williams v. Taser Int'l, Inc.*, No. 1:06-CV-0051-RWS, 2006 WL 1835437, at *2 (N.D. Ga. June 30, 2006) (rejecting plaintiff's request for leave to share defendant's confidential information with lawyers representing other potential claimants against defendant).

When the balancing called for under Rule 26(c) is applied here, there is nothing to weigh on Plaintiffs' side of the scales. "The purpose of discovery is to enable the parties to obtain evidence for use at trial and to facilitate the fair and efficient resolution of the issues in the case." *Colaprico v. Sun Microsystems, Inc.*, No. 90-20610, 1994 WL 514029, at *3 (N.D. Cal. Aug. 22

1994) (holding parties in contempt for their refusal to return opponent's confidential information at the close of litigation as required under protective order); *see also United States v. Carriles*, No. EP-CV-87-FC, 2009 WL 2618584, at *11 (W.D. Tex. Aug. 25, 2009) ("Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation.") (quoting *United State v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1996)). Once a case has concluded, litigants "no longer have any legitimate interest in the information produced" under a protective order. *Colaprico*, 1994 WL 514029 at *3.

Here, while the entire action has not yet reached a final conclusion, the nature of what is in dispute has significantly narrowed to only an individual claim-specific inquiry — Plaintiffs have not challenged Judge Duval's denial of their motion for class certification. Their need for information to prepare for trial thus is now sharply focused on their own, individual insurance claim and the repair estimate that State Farm Fire prepared for their claim in November, 2005. As discussed above, State Farm Fire and Xactware have attempted to cooperate with Plaintiffs in identifying the limited set of Confidential information previously produced that might possibly have continued relevance to their remaining claims.[5] Plaintiffs, however, have not accepted that offer of compromise and instead insist upon the retention of all Confidential materials, regardless of their irrelevance.

In litigating their remaining individual claim, Plaintiffs have no conceivable need for State Farm Fire or Xactware price lists that were not used in preparation of their own estimate, and instead were used only in Houma, or Baton Rouge, or the several other Louisiana pricing territories outside New Orleans. They have no conceivable need for pricing information that pre-

---

[5] Again, Defendants' efforts to cooperate in this regard is not a concession that the materials are actually relevant to Plaintiffs' remaining claims.

or post-dates the date that their own State Farm estimate was prepared. They have no conceivable need for pricing information relating to repair costs for items that were never at issue for their own claim (such as slate roofing, or awnings, or pool enclosures). Nor do they have any legitimate need to retain State Farm Fire's internal guidelines relating to aspects of claim handling that did not apply to them (such as State Farm's Premier Service Program), or thousands of State Farm Fire e-mails to and from State Farm Fire's pricing specialists that never mention and have nothing to do with the handling of the Schafers' individual claim, or any of the other Confidential items that State Farm Fire and Xactware respectively have asked Plaintiffs to return. Indeed, during the parties' Rule 37.1E conference, Plaintiffs even refused to take any position as to whether the materials that Defendants have asked them to return might have any relevance to their remaining individual claim.

As for Defendants' side of the balance under Rule 26, it is well-settled that a company's trade secret and competitively sensitive or proprietary information *is* entitled to protection from unwarranted risk of disclosure in litigation. *See Elloie v. Allstate Ins. Co.*, No. 07-4434, 2008 WL 4747214, at *7 (E.D. La. Oct. 17, 2008); *Westside-Marrero Jeep Eagle, Inc.*, 1998 WL 186728 at *2-*3.[6] So long as each Defendant's Confidential information remains out of that Defendant's exclusive control, there is a risk that an inadvertent disclosure of the materials could be made. *Any* such risk is unacceptable and unwarranted under the Federal Rules where, as here, the information cannot have any further appropriate use in connection with the anticipated trial of Plaintiffs' individual claims.

---

[6] Plaintiffs have now challenged certain of Defendants' designations of Confidentiality (*see* Docket No. 224), and Defendants intend timely to file oppositions to Plaintiffs' Motion.

## Conclusion

For all of the foregoing reasons, State Farm Fire and Xactware respectfully request that their Motion be granted, and that the Court order (i) that Plaintiffs may only retain the subset of State Farm Fire's and Xactware's Confidential information that is identified above, which materials must continue to be treated in accordance with the Protective Order, and (ii) as to all other Confidential information previously produced by State Farm Fire or Xactware herein, Plaintiffs must within 30 days either return that information to the producing party or certify that the materials have been destroyed.

Dated: September 22, 2009

*/s/ J. Dalton Courson*
Wayne J. Lee, 7916, T.A.
Michael Q. Walshe, Jr., 23968
J. Dalton Courson, 28542
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Fax: (504) 581-3361
Email:   wlee@stonepigman.com
         mwalshe@stonepigman.com
         dcourson@stonepigman.com

and

Joseph A. Cancila, Jr. (admitted *pro hac vice*)
Heidi Dalenberg (admitted *pro hac vice*)
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, Illinois 60606-6473
Telephone: (312) 258-5500
Fax: (312) 258-5600
Email:   jcancila@schiffhardin.com
         hdalenberg@schiffhardin.com

*Attorneys for State Farm Fire and Casualty Company*

/s/ Mark A. Cunningham
Mark A. Cunningham (#24063)
JONES, WALKER, WAECHTER, POITEVENT,
 CARRÈRE & DENÈGRE, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Facsimile: (504) 582-8583
E-mail: mcunningham@joneswalker.com

with

Joel M. Cohen (admitted *pro hac vice*)
Gina Caruso (admitted *pro hac vice*)
Daniel S. Kahn (admitted *pro hac vice*)
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4363
E-mail: joel.cohen@dpw.com
gina.caruso@dpw.com
daniel.kahn@dpw.com

*Attorneys for Xactware Solutions, Inc.*

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Memorandum in Support of Defendants' Joint Motion For Return of Certain Confidential Documents has been served upon all counsel of record by CM/ECF filing, this 22nd day of September, 2009.

/s/ J. Dalton Courson

CH2\7662478.3

992871v.1