**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| KATHLEEN AND GORDON SCHAFER, | * | CIVIL ACTION NO. 06-8262 |
| | * | |
| Plaintiffs, | * | |
| | * | |
| VERSUS | * | SECTION "I"(5) |
| | * | |
| STATE FARM FIRE AND CASUALTY | * | JUDGE AFRICK |
| COMPANY AND XACTWARE SOLUTIONS | * | |
| INC., | * | MAGISTRATE CHASEZ |
| | * | |
| Defendants. | * | |
| | * | |

*******************************************

**OPPOSITION TO DEFENDANTS' JOINT**
**MOTION FOR RETURN OF CERTAIN CONFIDENTIAL DOCUMENTS**

Plaintiffs respectfully submit the instant Opposition to Defendants' Motion for Return of Certain Confidential Documents. Specifically, Plaintiffs maintain that Defendants ignore the plain language of the Protective Order and provide no good reason to deviate from the Protective Order.

**I.   THE PROTECTIVE ORDER CLEARLY STATES THAT THE DOCUMENTS ARE TO BE RETURNED (OR CERTIFIED DESTROYED) AT THE "TERMINATION OF THIS ACTION."**

The Protective Order provides the only basis for Defendants' requested relief. The Protective Order forms the basis on which the documents were produced by Defendants to Plaintiffs. Equally important, it reflects the terms that Plaintiffs agreed to accept the documents. The Protective Order reads:

> **Within ninety days of the termination of this action, whether by judgment, settlement or otherwise**, all Confidential and Highly Confidential documents, and all copies thereof that were provided for parties, counsel, their respective clerical, secretarial and support staff or outside consultants and/or experts shall be returned to the producing party. In addition, all documents that incorporate

> Confidential or Highly Confidential materials or information extracted from Confidential or Highly Confidential documents produced in this action shall be returned to the party who produced the Confidential or Highly Confidential information. In the alternative, counsel for the party receiving the Confidential or Highly Confidential information shall verify to the producing party by signed affidavit that all Confidential and Highly Confidential documents, information and all copies thereof have been destroyed.

Protective Order, ¶ 25 (emphasis supplied).  See also Rec. Doc. 111.

To put it in the simplest terms, "the termination of this action" has not yet occurred. While the class action portion of the Complaint has been dismissed and will not be appealed, the Schafer's many other individual claims still exist and are very much alive. The Protective Order speaks only in terms of the termination of "this action" – not of just the class certification portion. It clearly contemplates that the entire case would be over before Paragraph 25 would apply.

Accordingly, State Farm and Xactware are requesting relief prematurely.

## II. DEFENDANTS HAVE FAILED TO SHOW GOOD CAUSE TO CHANGE THE PROTECTIVE ORDER.

Because the plain language of the Protective Order so clearly states that the documents are not to be returned (or destroyed) until after termination of the action, Defendants' argument is nothing more than a thinly veiled attempt to change the terms of the Protective Order. State Farm and Xactware should not be allowed to alter a jointly filed protective order because there is not good cause to alter the original protective order and the reasons given were foreseeable at the time the original order was made.

Contrary to defendant's assertion, Rule 26(c) of the Federal Rules of Civil Procedure is inapplicable because the protective order is already in place. The four-factor test set out in *Bayer AG and Miles, Inc. V. Barr Labatories, Inc.,* 162 F.R.D. 456 (S.D.N.Y. 1995) was used in *Holland*

to analyze whether to modify aprotective order. *Holland M.D. v. Summitt Technology, Inc*, 2001 WL 1132030 (E.D. La. 2001).

The *Bayer AG* court considered the following factors when a party sought, as here, modification of a stipulated protective order designed to protect matters of private interest:

> 1. Good cause-if good cause was shown for the original protective order, the burden is on the party seeking modification to show good cause for modification; if good cause was not shown for the original protective order, the burden of showing good cause is on the party seeking continued confidentiality protection;
>
> 2. The nature of the protective order (ie: narrow v. broad, court imposed v. court approved upon stipulation of the parties.);
>
> 3. The forseeability at the time of the original protective order of the modification now requested; and
>
> 4. The parties' reliance on the protective order.

The current protective order was stipulated to by the parties and signed by Magistrate Judge Chasez on September 16, 2008. The only reason given by Defendants to modify the above paragraph is the end of the certification phase of this litigation. Defendants do not allege prejudice; they do not allege harm; they do not allege any misconduct on the part of Plaintiffs; they do not allege any business injury; and they do not allege any unfair litigation position.

Defendants' reason (of misreading the Protective Order) fails all of the above factors.

Plaintiffs were the only representatives of the putative class. As adequate representatives of the proposed class, plaintiffs' claims were the same as the class, and thus, the documents produced can be used to support their individual claims. Just because the action cannot move

forward as a class action is not good cause to render the individual cause of action, or relevant documents, any less valid or substantive.

The nature of the protective order was <u>court approved upon stipulation of the parties</u>. As a joint stipulated order of the Court, the protective order governs this issue and should not be modified upon such flimsy grounds.

The Defendants' success on the question of class certification was highly foreseeable when the order was confected. If Defendants had wanted to limit the production of documents to the class certification stage of the litigation, they certainly could have attempted to negotiate such a proposal, but did not.

Plaintiffs agreed to the protective order to obtain the necessary documents to support their causes of action. Defendants' motion not only seeks to impose a modification to a stipulated order, but to <u>unilaterally</u> impose a limitation on what documents can be used in the subsequent litigation. Without a shred of legal (or factual) support, State Farm and Xactware are dictating what documents plaintiffs can use in their continuing litigation. This assertion is made even more disingenuous by the assertion defendants are not waiving any challenge to the relevance of the documents they are "allowing" plaintiffs to maintain. Such as post-certification "claw-back" is unfair, unfounded and unnecessary.

Accordingly, Defendants' motion should be denied because it does not show good cause for modification of a court approved and jointly filed protective order. Defendants' proposed modification was highly foreseeable and would allow defendants to unilaterally dictate what documents plaintiffs could subsequently use in prosecuting the same claims made by the putative class.

Respectfully Submitted,

        /s/ Soren Gisleson
**STEPHEN J. HERMAN**, La. Bar No. 23129
**SOREN E. GISLESON**, La. Bar No. 26302
**HERMAN, HERMAN, KATZ & COTLAR, LLP**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax No. (504) 561-6024
E-Mail: sherman@hhkc.com

**AND**

**MARK P. GLAGO**, La. Bar No. 25395
**Glago Law Firm, LLC**
One Canal Place - 17th Floor
365 Canal Street - Suite 1700
New Orleans, Louisiana 71030
Telephone: (504) 599-8666
Fax No.: (504) 599-8699
Email: Mglago@GlagoLawFirm.com

**AND**

**T. CAREY WICKER, III**, La. Bar No. 13450
**J. ALEX WATKINS,** La. Bar No. 29472
**CAPITELLI & WICKER**
1100 Poydras Street
2950 Energy Centre
New Orleans, Louisiana  70163-2950
Telephone:  (504) 582-2425
Fax No. (504) 582-2422
E-Mail: JAW@Capitelliandwicker.com

**COUNSEL FOR PLAINTIFFS.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Motion will be filed electronically with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system thereby serving notice on all counsel this 29th day of September, 2009.

        /s/ Soren Gisleson