**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| KATHLEEN SCHAFER | : | CIVIL ACTION NO. 06-8262 |
| Wife of/and GORDON SCHAFER | : | |
| | : | SECTION "I" (5) |
| Versus | : | |
| | : | JUDGE AFRICK |
| STATE FARM FIRE & CASUALTY | : | |
| COMPANY *et al.* | : | MAGISTRATE JUDGE CHASEZ |

**REPLY IN SUPPORT OF DEFENDANTS' JOINT**
**MOTION FOR RETURN OF CERTAIN CONFIDENTIAL DOCUMENTS**

Defendants State Farm Fire and Casualty Company ("State Farm Fire") and Xactware Solutions, Inc. ("Xactware") respectfully submit this Reply in further support of their Joint Motion for Return of Certain Confidential Documents (*see* Docket No. 227, hereinafter the "Motion"). Plaintiffs have no need for or entitlement to continued possession of Confidential information that has no ongoing relevance to this suit, and it is indisputable that the vast majority of the Confidential information Plaintiffs have received falls within that category. Defendants have more than carried their burden here. Defendants' Motion should be granted.

**Argument**

**I.     The Materials at Issue Are Irrelevant to Plaintiffs' Remaining Claims.**

The single most important fact supporting Defendants' Motion is that their competitively sensitive and trade secret information remains in Plaintiffs' possession even though that information is entirely irrelevant to Plaintiffs' remaining complaints regarding their individual State Farm dwelling repair estimate. Plaintiffs assert that every bit of Confidential information they received in class-certification discovery should remain in their hands because they were

994300v.1

"adequate" class representatives, which supposedly makes all class-related discovery they received automatically relevant to their individual claims regardless of its content. *See* Plaintiffs' Opposition, Docket No. 229, at 3-4. Not only do Plaintiffs misstate the record – Judge Duval denied Plaintiffs' class certification motion due to the predominance of individualized questions, never held that Plaintiffs were adequate representatives, and instead expressed reservations on the very question of Plaintiffs' adequacy[1] – their proposition is insupportable on its face. Price lists that were used for other insureds' estimates, that were prepared years after Plaintiffs' individual loss, and that never even applied in the New Orleans area, patently are irrelevant to their individual claim. The claim file sampling drawn from State Farm Fire homeowners insurance claims across a multi-year timeframe for the entire State of Louisiana patently is irrelevant here. The 2,000 plus e-mails that were exchanged between State Farm Fire pricing specialists, *none* of which reference Plaintiffs' individual claim, patently are irrelevant here. Company guidelines outlining the operation of State Farm's proprietary Premier Service Program that Plaintiffs never used patently are irrelevant here.

Plaintiffs complain that Defendants' request for return of their Confidential information constitutes an unfair attempt to "dictat[e] what documents plaintiffs can use in their continuing litigation." *See* Docket No. 229 at 4. That simply is not the case. Defendants have already made clear that they will not object to Plaintiffs' retention of Confidential information that actually *does* continue to have relevance here. *See* Docket No. 227-2 at 6-7. Defendants further took the affirmative step of identifying information that they anticipated Plaintiffs would seek to

---

[1] Judge Duval noted that State Farm's arguments against Plaintiffs' adequacy possibly held merit, but then stated that because he found a lack of predominance, there was no need to "address the adequacy or typicality of the Schafers' and their claims for the purposes of serving as class representatives." *See* Docket No. 222 at p. 12, n.5; *see also id.* at p. 16, n.6 (again stating that there was no need to address class certification factors other than predominance given Plaintiffs' failure to demonstrate that essential prerequisite to certification).

retain, and assured Plaintiffs that there would be no dispute as to their retention of those materials during the remaining pendency of the case. *Id.* Most importantly, Defendants even invited Plaintiffs to identify other Confidential information they believed they needed to retain for the remaining individual claim so that the parties could attempt to resolve any differences in that regard. *Id.* Plaintiffs rebuffed all of Defendants' overtures, and have refused to return any of Defendants' Confidential materials regardless of their irrelevance. *Id.* Plaintiffs want to retain Confidential materials that they never would have received in the first place had this always been the individual case it has now become. Their position is untenable under Rule 26(c).

## II.   Defendants Have Shown Good Cause for Relief.

Plaintiffs further are flat wrong in arguing that the existing Protective Order provides the "only" basis for the return of Defendants' Confidential information. *See* Docket 229 at 1.[2] As Plaintiffs own authority demonstrates, the good cause standard under Rule 26(c) *is* the standard that a Court must apply when considering whether to grant relief in the management of discovery matters even if there is a protective order in place: A trial court retains broad discretion in making such rulings and will not be overturned absent clear error. *Holland v. Summit Tech., Inc.*, No. Civ.A. 00-2313, 2001 WL 1132030, at *2 and n.1 (E.D. La. Sept. 21, 2001) (citing Rule 26(c) in affirming trial court's refusal to eliminate protections to defendant's confidential material under existing protective order where plaintiff failed to show good cause for removing those protections). Here, Defendants plainly have satisfied Rule 26(c).

---

[2] Plaintiffs accuse Defendants of "misreading" the existing Protective Order and requesting relief "prematurely." *See* Docket No. 229 at 2, 3. Plaintiffs again mischaracterize Defendants' arguments, and they miss the point. Defendants are fully aware of and cited to the document return requirements in the existing Order when Defendants moved for relief. *See* Docket No. 227-2 at 7-8.

As set forth more fully in Defendants' Memorandum in support of their Motion, Rule 26(c) expressly recognizes that good cause for protection exists where the use or disclosure of trade secret and other competitively sensitive information is at issue. *See* Fed. R. Civ. P. 26(c); *see also* Docket No. 227-2 at 8-11. Defendants have demonstrated that Plaintiffs have no ongoing need for this information, which weighs heavily in favor of Defendants' request for return of the materials. *See* Docket No. 227-2 at 5, 10-11; Fed. R. Civ. P. 26(c)(1)(G).[3] And the undue expense and burden that Defendants continue to face as a result of Plaintiffs' continuing possession of their Confidential information is amply and graphically illustrated by Plaintiffs' pending motion to declassify (*see* Docket No. 224), which Plaintiffs filed for the express purpose of gaining permission to freely publish all the commercially sensitive materials they used in their unsuccessful argument to this Court on class certification – a non-merits question that they *lost*, and which they admittedly have no intention to appeal. A more wasteful and useless exercise of the Courts' and parties resources is difficult to imagine.

Finally, Plaintiffs are wrong in concluding that the four factors cited by the Court in *Holland* for considering modifications to an existing protective order weigh in their favor (to the extent the factors even apply here). *See* Docket No. 229 (citing *Holland*, 2001 WL 1132030 at *2).

On factor one, there is no dispute by Plaintiffs *or* Defendants that there was good cause shown for entry of the Protective Order in the first place. The parties stipulated to that issue, and that stipulation remains unchallenged here.

---

[3] Plaintiffs suggest that good cause cannot be shown absent an allegation of "prejudice," "harm," "misconduct" by Plaintiffs, "business injury," or "unfair litigation position." Plaintiffs offer no citation to support this self-made test, and it is contrary to the plain text of Rule 26(c).

As for factor two, the nature of the existing Order allows for blanket designations by Defendants, which Plaintiffs can challenge on a document-by-document basis. Again, no change to that process was sought: To the extent that Plaintiffs retain Defendants' Confidential information, Plaintiffs would remain free to challenge Defendants' designations.

On the question of whether the need for Defendants' requested relief was foreseeable, Plaintiffs make the surprising pronouncement that it was "*highly* foreseeable" that they would lose the class certification battle in this case. That concession only serves to demonstrate that the burden they imposed on Defendants through their far-ranging demands for Confidential information in support of their class certification motion was never appropriate in the first place. The tenuous foundation for Plaintiffs' acquisition of Defendants' Confidential information hardly weighs in favor of Plaintiffs' unbending insistence that they should be permitted to keep all of that information despite its clear irrelevance now. Moreover, Plaintiffs have ignored that they obtained a modification to the Protective Order over Defendants' objection to facilitate their potential future use of Defendants' Confidential information in other cases, an unforeseeable change that makes Defendants' request for an accelerated return of their Confidential far more imperative now than it would have been under the Order as originally stipulated by the parties.

Nor have Plaintiffs suffered in any respect due to a supposed "reliance" on the return date for Defendants' Confidential information. Incredibly, Plaintiffs suggest that they would not have "accepted" Defendants' information if an early return requirement had been included in the Order from the start. *See* Docket No. 229 at 1. Plaintiffs suffered no detriment whatever through their receipt of Defendants' Confidential information, and would suffer no detriment now if required promptly to return irrelevant materials to Defendants. As Plaintiffs' authority shows, the reliance factor weighs against removal of confidentiality protection where a defendant has

relied on the presence of such protection when cooperating in discovery and answering broader requests than it otherwise might have due to the fact that protections against disclosure were in place. *See* Docket No. 229 at 2-3; *see also Bayer AG and Miles, Inc. v. Barr Labs., Inc.*, 162 F.R.D. 456, 467 (S.D.N.Y. 1995) (denying plaintiff's request to remove confidentiality protections where defendant relied on the existence of the parties' agreed order to produce millions of pages of protected information).

## Conclusion

The "good cause" test for modifying a protective order requires the Court to weigh one party's need for protection against the other party's need for access, and "the availability of alternatives to better achieve both parties' goals." *Bayer*, 162 F.R.D. at 464. Defendants have shown a need for continued Confidentiality protection and the absence of any legitimate need by Plaintiffs to retain Defendants' Confidential information. Defendants further have shown good cause for an order requiring the return now of irrelevant, Confidential documents, to (i) protect Defendants' ongoing ability to maintain the secrecy of their competitively sensitive information, and (ii) to prevent the unnecessary and undue expense and burden of further motion practice

regarding Confidential information that has no pertinence to the remaining issues in this case. Defendants accordingly request that their Motion be granted.

Dated: October 5, 2009                             Respectfully submitted,

/s/ J. Dalton Courson
Wayne J. Lee, 7916, T.A.
Michael Q. Walshe, Jr., 23968
J. Dalton Courson, 28542
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Fax: (504) 581-3361
Email:    wlee@stonepigman.com
          mwalshe@stonepigman.com
          dcourson@stonepigman.com

and

Joseph A. Cancila, Jr. (admitted *pro hac vice*)
Heidi Dalenberg (admitted *pro hac vice*)
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, Illinois 60606-6473
Telephone: (312) 258-5500
Fax: (312) 258-5600
Email:    jcancila@schiffhardin.com
          hdalenberg@schiffhardin.com

*Attorneys for Defendant*
*State Farm Fire and Casualty Company*


/s/ Mark A. Cunningham
Mark A. Cunningham (#24063)
JONES, WALKER, WAECHTER, POITEVENT,
 CARRÈRE & DENÈGRE, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Facsimile: (504) 582-8583
E-mail:   mcunningham@joneswalker.com

with

Joel M. Cohen (admitted *pro hac vice*)
Gina Caruso (admitted *pro hac vice*)
Daniel S. Kahn (admitted *pro hac vice*)
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4363
E-mail:   joel.cohen@dpw.com
          gina.caruso@dpw.com
          daniel.kahn@dpw.com

*Attorneys for Xactware Solutions, Inc.*

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Reply in Support of Defendants' Joint Motion for Return of Confidential Documents has been served upon all counsel of record by CM/ECF filing, this 5th day of October, 2009.

/s/ J. Dalton Courson