UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATHLEEN AND GORDON SCHAFER, | * | CIVIL ACTION |
| | * | |
| Plaintiffs, | * | NO. 06-8262 |
| | * | |
| VERSUS | * | SECTION "I"(5) |
| | * | |
| STATE FARM FIRE AND CASUALTY | * | JUDGE AFRICK |
| COMPANY AND XACTWARE SOLUTIONS, | * | |
| INC., | * | MAGISTRATE CHASEZ |
| | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANTS' JOINT STATUS REPORT

Pursuant to this Court's Order dated November 19, 2009 (Docket No. 254), defendants State Farm Fire and Casualty Company ("State Farm Fire") and Xactware Solutions, Inc. ("Xactware") respectfully submit the following written status report to the Court.

**(1)     The Parties and their counsel of record.**

Kathleen Schafer and Gordon Schafer's counsel of record are:

    James A. Watkins and Thomas C. Wicker, III of Capitelli & Wicker, Energy Centre, 1100 Poydras St., Suite 2950, New Orleans, LA, 70163, tel. 504-582-2425

>Brian D. Katz, Joseph E. Cain, Russ M. Herman, Stephen J. Herman, and Soren E. Gisleson of Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Ave., New Orleans, LA, 70113, tel. 504-581-4892
>
>Mark P. Glago of the Glago Law Firm, LLC, 365 Canal St., Suite 1700, New Orleans, LA, 70130, tel. 504-599-8666

State Farm Fire's counsel of record are:

>Wayne Lee, Michael Q. Walshe, Jr. and J. Dalton Courson of Stone Pigman Walther Wittmann LLC, 546 Carondelet St., New Orleans, LA, 70130, tel. 504-581-3200
>
>Joseph A. Cancila, Jr. and Heidi Dalenberg of Schiff Hardin LLP, 7200 Willis Tower, Chicago, IL, 60606, tel. 312-258-5500

Xactware's counsel of record are:

>David G. Radlauer, Mark A. Cunnigham, and Kathleen A. Harrison of Jones Walker (New Orleans), Place St. Charles, 201 St. Charles Ave., Suite 1500, New Orleans, LA, 70170, tel. 504-582-8210
>
>Joel M. Cohen, Daniel S. Kahn, and Gina Caruso of Davis, Polk & Wardwell, LLP (New York), 450 Lexington Ave., New York, NY, 10017, tel. 212-450-4000

**(2)   Pending motions, briefing status, and dates of oral argument.**

There are two motions presently pending before Magistrate Judge Chasez in this action. One is State Farm Fire and Xactware's joint motion (*see* Docket No. 227) seeking return of confidential information that was produced during the class certification phase of the case, and which is now irrelevant to the matter since class certification was denied by Judge Duval on August 3, 2009 (*see* Docket No. 222). Plaintiffs have objected to the return of any of State Farm Fire's or Xactware's confidential information, regardless of its irrelevance to Plaintiffs' remaining individual claims. The other pending motion is Plaintiffs' motion to declassify a substantial volume of documents produced by State Farm Fire and Xactware during the class certification phase of this case (Docket No. 224). State Farm Fire and Xactware agreed to declassification of certain materials, but have opposed Plaintiffs' Motion in respect to the

remaining challenged designations and have provided extensive affidavits in support of the confidentiality of the information that Plaintiffs seek to declassify.

The parties have filed briefs on both of the pending motions. The parties presented argument to Magistrate Judge Chasez on both motions during a hearing on October 7, 2009. No decision has been issued on either pending motion to date, and the parties stand ready to provide any further briefing and/or evidentiary matter that Magistrate Judge Chasez may request.

**(3) Pertinent status conference, pretrial, and trial dates.**

This matter is set for status before the Court on Wednesday, December 9, 2009, at 1:45 p.m. in the Court's chambers. A Scheduling Order was entered on November 19, 2009 (Docket No. 253), which sets the Final Pre-Trial Conference for Thursday, June 3, 2010 at 9:00 a.m., and sets jury trial to commence the week beginning Monday, June 28, 2010 at 8:30 a.m. The parties estimate that trial will last three days.

**(4) Brief description of the factual and legal issues underlying Plaintiffs' dispute with State Farm Fire and Xactware.**

Plaintiffs' claims against State Farm Fire arise out of State Farm Fire's handling of a homeowners insurance claim that Plaintiffs made for wind damage that their home sustained as a result of Hurricane Katrina. Plaintiffs assert that State Farm Fire underpaid their claim by providing them with an estimate that understated the prices for goods and services needed to repair the covered wind damage to their home. In addition, they have testified that they may seek damages for additional payments allegedly owed to them under other, unspecified provisions of their homeowners insurance policy (e.g., additional living expenses). Plaintiffs have sued State Farm Fire under theories of breach of contract, fraud (consisting of alleged

"misrepresentation" of the estimated cost for repairs to Plaintiffs' home), negligence, and violation of Louisiana Revised Statutes 22:1220 and/or 22:658. Plaintiffs have also asserted a claim against Xactware for intentional misrepresentation based on an allegation that Xactware provided pricing data to State Farm.

The record developed during discovery on class certification issues shows that after Katrina, Plaintiffs did not merely repair and restore their home to its pre-Katrina condition with new, but like kind materials and components. Instead, they substantially renovated and upgraded the materials and components. They built a two-story, 1,150 square foot addition to the home that now houses Mr. Schafer's business office, with a pre-wired stereo system and networked internet / telecommunication lines, a conference room, a kitchen fully appointed with high-end appliances and granite countertops, a powder room, a covered porch, and an interior staircase with hardwood treads and handrail. The interior of the pre-existing space was also substantially renovated, upgraded, and remodeled, including the reconfiguration of an interior staircase, the construction of a new fireplace, and removal of a wall to expand the kitchen and dining area. As a result of these significant changes and upgrades, the actual dollars expended by Plaintiffs exceeded the combined total amount paid under their flood and homeowners insurance policies.[1] However, contractor estimates that Plaintiffs had obtained from their own contractor solely for the cost to repair their home – *without* their planned upgrades and addition – demonstrated that the combined total amount that State Farm Fire paid Plaintiffs' for the flood and wind damage to their property actually *exceeded* their contractor's repair proposal by $40,000.

---

[1] In addition to their wind damage claim under their State Farm Fire homeowners insurance policy, Plaintiffs also made a claim for flood damage under their flood policy. Plaintiffs have no complaint regarding State Farm Fire's handling of their flood claim.

With respect to unit pricing for repairs to the wind damage that Plaintiffs' home sustained, discovery further showed that State Farm Fire's estimate of the cost to repair Plaintiffs' roof was higher, not lower, than the quote that Plaintiffs received for the repair work using similar construction materials, and that Plaintiffs' repair contractor could not state whether the unit pricing State Farm Fire used to estimate the cost for Plaintiffs' remaining wind damage repairs was higher or lower than the actual repair costs for that damage.[2]

To date, Plaintiffs have not identified the method by which they intend to attempt to prove what prices State Farm Fire allegedly should have used in preparing the repair estimate for the wind damage to Plaintiffs' home – an issue on which they bear the burden of proof. *See* Order, Docket No. 222, at p. 9 (denying class certification in part because Plaintiffs will "have to determine the accuracy of each individual line item" in their State Farm Fire estimate, and rejecting the notion that published price guides other than Xactware pricing are a "proxy for true fair market value"). They have not specified which prices in the State Farm Fire repair estimate they received allegedly were "fraudulent" or negligently understated. Nor have they itemized any of their other alleged damages or stated how those damages allegedly should be computed.

**(5)    Remaining discovery as to Plaintiffs' individual claims.**

State Farm Fire and Xactware intend to move for summary judgment due to the absence of supporting evidence on the essential issues identified under Part (4) hereof, such that further discovery on Plaintiffs' claims as to State Farm Fire and Xactware will be unnecessary except to the extent that summary judgment in Defendants' favor is denied in whole or in part. If the case

---

[2]    Indeed, when denying class certification, Judge Duval noted that Plaintiffs might not be able to demonstrate that they had suffered any harm by allegedly low prices in their State Farm Fire repair estimate but found it unnecessary to decide that issue due to Plaintiffs' failure to demonstrate the essential prerequisite of predominance. *See* Docket No. 222 at p. 12, n.5.

1000334v.2

proceeds, State Farm Fire and Xactware intend to engage in further discovery as to the bases for Plaintiffs' assertion that the prices in the repair estimate they received allegedly were "fraudulent" or otherwise wrongful, all of their asserted damages, the method by which their damages have been computed, and the asserted bases for each claim of damages. In addition, State Farm Fire and Xactware will pursue discovery as to Plaintiffs' experts (if any) and will designate and present their own respective experts (if any) as appropriate.

**(6)	A description of the status of any settlement negotiations.**

Defendants have invited and are willing to consider a settlement demand that is reasonable in light of the substantial question, as noted by Judge Duval (see n. 2, supra), regarding whether Plaintiffs can demonstrate that they personally have suffered any actionable injury.

Respectfully submitted,

Dated: December 2, 2009

*/s/ J. Dalton Courson*
Wayne J. Lee, 7916, T.A.
Michael Q. Walshe, Jr., 23968
J. Dalton Courson, 28542
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Fax: (504) 581-3361
Email:	wlee@stonepigman.com
	mwalshe@stonepigman.com
	dcourson@stonepigman.com

*with*

Joseph A. Cancila, Jr. (admitted *pro hac vice*)
Heidi Dalenberg (admitted *pro hac vice*)
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, Illinois 60606-6473
Telephone: (312) 258-5500
Fax:  (312) 258-5600
Email:     jcancila@schiffhardin.com
                hdalenberg@schiffhardin.com

*Attorneys for State Farm Fire and Casualty Company*

and

*/s/ Mark A. Cunningham*
Mark A. Cunningham (#24063)
JONES, WALKER, WAECHTER, POITEVENT,
  CARRÈRE & DENÈGRE, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana  70170-5100
Telephone:  (504) 582-8000
Facsimile:  (504) 582-8583
E-mail:     mcunningham@joneswalker.com

with

Joel M. Cohen (admitted *pro hac vice*)
Gina Caruso (admitted *pro hac vice*)
Daniel S. Kahn (admitted *pro hac vice*)
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Telephone:  (212) 450-4363
E-mail:     joel.cohen@dpw.com
                gina.caruso@dpw.com
                daniel.kahn@dpw.com

*Attorneys for Xactware Solutions, Inc.*

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Defendants' Joint Status Report has been served on all counsel of record by CM/ECF electronic filing, this 2nd day of December, 2009.

*/s/ J. Dalton Courson*