UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATHLEEN SCHAFER | : | CIVIL ACTION NO. 06-8262 |
| Wife of/and GORDON SCHAFER | : | |
| | : | SECTION "I" (5) |
| Versus | : | |
| | : | JUDGE AFRICK |
| STATE FARM FIRE & CASUALTY | : | |
| COMPANY | : | MAGISTRATE CHASEZ |

## XACTWARE'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO DECLASSIFY CONFIDENTIAL DOCUMENTS

Defendant Xactware Solutions, Inc. ("Xactware") submits this supplemental memorandum in opposition to Plaintiffs' Motion to Declassify.

### PROCEDURAL HISTORY

Plaintiffs have moved to declassify internal confidential analyses and reports prepared by Xactware, documents detailing the methodology that Xactware employs in compiling and producing its price lists, and certain price lists that represent unique products that Xactware offers to paying customers. Xactware responded to the motion by filing an affidavit establishing that the documents at issue contained confidential and commercially sensitive information and that disclosure of the documents would adversely affect Xactware financially, harm Xactware's competitive position in the marketplace, and damage Xactware's customer relationships. During oral argument, the Court ordered Xactware to provide additional information about the potential harm to Xactware if

historical price lists were disclosed to the public. Xactware subsequently filed a supplemental affidavit which established that historical price lists are routinely downloaded by customers and that they represent a significant asset with continuing value. Plaintiffs offered no countervailing evidence. The Court took the motion under submission in October 2009 after each side addressed the supplemental affidavit.

On January 13, 2010, Plaintiffs filed a supplemental memorandum in which they claimed that State Farm waived protection for documents designated as confidential by Xactware by allowing a State Farm corporate representative, John Lapinskie, to be deposed in a state court proceeding, entitled *Brown v. State Farm, Fire & Casualty Co.*, No. 06-07269, in which no protective order has been entered. Xactware is not a party to the *Brown* lawsuit and did not participate in the deposition of the State Farm corporate representative on December 18, 2009. Further, Plaintiffs did not provide Xactware with notice that they intended to utilize information obtained in this case in the *Brown* litigation until December 28, 2010, ten days after Mr. Lapinskie was deposed.[1]

## LAW AND ARGUMENT

Xactware does not dispute that it is possible to waive the right to designate documents as confidential under a protective order. *See, e.g.*, *Weiss v. Allstate Ins. Co.*, 2007 WL 2377119, Civil Action No. 06-3774, at *3 (E.D.La. Aug. 16, 2007) (holding that Allstate waived the confidentiality provisions of a protective order by failing to object to the admission of the confidential documents into evidence). However, in order

---

[1] Xactware notified Plaintiffs in writing that Xactware objected to the use of confidential documents in the *Brown* litigation on January 4, 2010. Xactware did not become aware of the corporate deposition in *Brown* until plaintiffs filed their supplemental memorandum on January 13, 2010. Plaintiffs have not sought a relevancy determination in the *Brown* lawsuit as required by the Protective Order, most likely, because the state court previously ruled that Xactware pricing information is irrelevant.

{N2101517.1}                                    1

to establish a waiver, the moving party must at a minimum demonstrate that the documents at issue have been placed in the public domain with the knowledge of the designating party. *Id.* Plaintiffs have fallen far short of meeting their burden in this case because State Farm did not disclose confidential documents and nothing Mr. Lapinskie said revealed the content of documents marked as confidential. Moreover, as set forth below, Plaintiffs elicited this so-called "confidential" information from Mr. Lapinskie without providing notice to Xactware and, as such, would have been acting in direct violation of the Protective Order in this case if the information had been confidential.

*First*, it is undisputed that: (i) none of the documents designated by Xactware as confidential in this case were produced in the *Brown* litigation and (ii) Mr. Lapinskie did not testify about the content of any of those documents. Rather, Mr. Lapinskie testified generally about how State Farm adjusted the plaintiff's claim in *Brown* and answered only general questions about how State Farm utilized Xactware's services in connection with its adjustment. Not a single one of the documents at issue was identified or mentioned by Mr. Lapinskie during the course of his deposition.[2] If neither the documents at issue in this case nor the information contained in those documents was disclosed in the *Brown* litigation, none of the actions taken by State Farm in *Brown* could operate as a waiver against Xactware in this case. The Lapinskie deposition in *Brown* is, therefore, irrelevant to how the Court should rule on the pending motion.

---

[2] In their supplemental memorandum, Plaintiffs make the blanket assertion that many of the documents designated as confidential in this case "concern the very same subject matter" addressed by Lapinskie. This claim is specious. The proprietary analyses, reports, and pricing information contained in the documents marked as confidential were not directly or indirectly disclosed by Lapinskie.

*Second*, although Plaintiffs describe testimony in which Mr. Lapinskie stated that State Farm changes Xactware prices as "explosive," Xactware has never claimed that this information is confidential. To the contrary, anyone who licenses pricing data from Xactware is encouraged to adjust the pricing data based on its own research and investigation. Indeed, Xactware has repeatedly raised this point as one of many reasons why Plaintiffs lack a good faith basis for pursuing their fraud claim against Xactware. The Court also specifically identified State Farm's ability to adjust Xactware pricing based on its own research as one of the reasons it denied class certification. *Schafer v. State Farm Fire & Casualty*, Civil Action No. 06-8262, 2009 WL 2391238, at \*\*1, 4-5 (E.D.La. Aug. 3, 2009). Consequently, nothing about the fact that State Farm makes its own pricing decisions has any bearing on the pending motion.

*Third*, even if Plaintiffs had elicited confidential information about Xactware documents in a State Farm corporate deposition, they would be barred from claiming that Xactware waived its rights under the Protective Order. Plaintiffs owe a duty to Xactware under the Protective Order in this case to notify Xactware *before* using confidential information in other cases. Nonetheless, Plaintiffs never bothered to notify Xactware of their intention to utilize what they apparently considered to be confidential information (i.e., State Farm changes Xactware unit prices) until 10 days after the Lapinskie deposition in *Brown* and then never sought the relevancy determination required by the Protective Order. In fashioning a discovery protocol, the Court did not intend to permit Plaintiffs to manufacture a waiver by eliciting testimony about confidential documents from third parties without providing notice of their intent to Xactware.

**Fourth,** Plaintiffs have not demonstrated that the protocol established by this Court for using confidential information in other cases is ineffective or burdensome. The Court will recall that it entered this protocol at the urging of the Plaintiffs over the objection of Xactware and State Farm. The protocol created safeguards for Xactware and State Farm by providing a designating party with an opportunity to object to the use of its confidential information in other cases. Yet it also permitted Plaintiffs to avoid having to retake the same discovery by seeking a relevancy determination from the court in which Plaintiffs intended to use the information. The pending motion seeks to disrupt the balance carefully crafted by the Court between these competing interests without offering a single reason and without regard to the irreparable harm that Xactware would suffer.

## CONCLUSION

For the reasons set forth above, the Court should disregard the testimony of Mr. Lapinskie in the *Brown* litigation as irrelevant to the pending Motion to Declassify.

Respectfully submitted,

*/s/ Mark A. Cunningham*
MARK A. CUNNINGHAM, T.A. (#24063)
KATHLEEN HARRISON (#31188)
Jones, Walker, Waechter, Poitevent,
Carrère & Denègre, L.L.P.
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Facsimile: (504) 589-8583
E-mail: mcunningham@joneswalker.com
kharrison@joneswalker.com

and

JOEL M. COHEN (admitted pro hac vice)
GINA CARUSO (admitted pro hac vice)
DANIEL KAHN (admitted pro hac vice)
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 450-3800
E-mail: joel.cohen@dpw.com
gina.caruso@dpw.com
daniel.kahn@dpw.com

Attorneys for Xactware Solutions, Inc.

## CERTIFICATE OF SERVICE

I certify that this memorandum was electronically filed with the Clerk of Court on January 21st, 2010 by using the CM/ECF system which will send a notice of electronic filing to Filing Users and that each attorney representing plaintiffs is a filing user.

/s/ Mark A. Cunningham
MARK A. CUNNINGHAM