UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KATHLEEN SCHAFER, ET AL.                CIVIL ACTION

VERSUS                                  NUMBER: 06-8262

STATE FARM FIRE AND CASUALTY            SECTION: "I"(5)
COMPANY, ET AL.

ORDER

The Court has completed the *in camera* inspection of documents furnished by State Farm in the above captioned matter in connection with the plaintiffs' motion to declassify and the defendants' joint motion for return of certain confidential documents. (Rec. docs. 224, 227).

In essence, plaintiffs have contended the documents exchanged in discovery were wrongfully classified under the existing protective order and should be considered public in nature. Defendants, on the other hand, argue that they are confidential or highly confidential as defined in the protective order and should be returned.

The documents reviewed were furnished to the Court on a compact disc ("CD") and reviewed electronically by the Court. Two discs were furnished, one dated September 3, 2009, containing exhibits A through H, and one dated September 29, 2009, containing a powerpoint presentation compiled by plaintiffs.

First referencing the disc dated September 3, 2009:

As to Exhibit A, same consists of six exhibits, *i.e.*, 32 through 37. Each may be considered price list printouts or break outs. All contain fact based information which is currently quite stale. Portions, if not all, of this information have been furnished to various State Farm policyholders in connection with the adjustment of their respective claims. There is no basis for considering factual information as to the cost of repairing damaged items to be considered confidential.

Accordingly, there is no reason why plaintiffs should return these documents and no reason why the designation of confidentiality should not be removed from them.

Exhibit B is an Xactware document or white paper, and bears an identifying number of XW000407 through XW000413. The document contains very generalized information regarding Xactware software.

Because of the generalized nature of the factual information contained therein, it is not readily obvious why this document should be considered confidential. Nor has Xactware made that clear in its memoranda.

Accordingly, Exhibit B will be declassified and plaintiffs will be relieved of the obligation of returning same.

Exhibit C contains various e-mails which have been marked confidential by the defense. Having reviewed same, the Court perceives nothing of a confidential nature as to the following documents: SCH 00016603, 00016620, 00016647, 00017153, 00018474, 00018523, 00018655, 00021788, 00021946, 00022048 and XW 003560. Although originally marked as confidential, defendants have acquiesced that the following have been erroneously so classified and no longer object to their retention by plaintiffs: SCH 00014292, 00017340 and 00017521.

Accordingly, as to all of the above listed documents, same are declassified and plaintiffs are allowed to retain them.

Exhibit D is the deposition of James Carlyle Burt taken on October 28, 2008. Mr. Burt is the director of IS architecture and integration for Xactware and the information to which he testified appears technical and possibly capable of compromising the integrity of computer processes. As to this document, the Court maintains confidentiality as to the following portions of same:

      Page 12, lines 6 through 18
      Page 13, lines 12 through 25 and page 14, lines 1 through 7
      Page 15, lines 24 through 25
      Page 16, lines 1 through 25
      Page 17, lines 1 through 8
      Page 18, lines 17 through 25
      Page 19, lines 1 through 5 and lines 18 through 25
      Page 26, lines 19 through 25
      Page 27, lines 1 through 14
      Page 28, lines 16 through 25

```
Page 29, lines 1 through 7 and lines 22 through 25
Page 30, lines 1 through 13 and lines 24 through 25
Page 31 through Page 40, the entirety of all pages
Page 41, lines 1 through 3
Page 45, lines 11 through 25
Page 49, lines 24 and 25
Page 50 through 73, the entirety of all pages
Page 82 through 89, the entirety of all pages
Page 90, lines 1 through 16
Page 93, lines 12 through 25
Page 94 through 110, the entirety of all pages
Page 126 through 128, the entirety of all pages
```

All other portions of the deposition will be considered as de-classified.

Exhibit E is the deposition of Dan Kuntz dated November 12, 2008. Mr. Kuntz is a State Farm employee who provides system support to claim representatives who use the Xactimate application. Mr. Kuntz works in the home office of State Farm.

The Court maintains confidentiality as to the following portions of Mr. Kuntz' deposition:

```
Page 7, lines 10 through 23
Page 8, the entire page
Page 9, lines 1 through 15
Page 11, lines 6 through 9 and line 23
Page 12, lines 1 through 9
Page 13, lines 17 through 23
Page 25, lines 15 through 19
Page 27, lines 19 through 23
Page 31, lines 12 through 14
Page 33, lines 12 through 16
Page 36, line 17, the number of data bases may be excised.
Page 37, lines 11 through Page 38, line 1
Page 38, line 19, the number of data bases may be excised.
Page 39, line 21, the number of data bases may be excised.
Page 44, lines 3 and 4, the number of data bases and servers
    may be excised.
Page 46, lines 8 and 9, the number of data bases and servers
    may be excised.
Page 48, lines 21, the number of data bases may be excised.
```

```
Page 60, lines 3 through 23
Page 61 through 62, the entire page
Page 63, lines 1 through 8
Page 64, line 22 through Page 65, line 13
Page 73, lines 13 through 23
Pages 74 through 86, line 18
```

All other portions of same may be considered as de-classified.

Exhibit F is the deposition of Michael Alan Fulton, dated February 12, 2009.  Mr. Fulton is the General Manager of pricing data services at Xactware.

The entire deposition is released from confidentiality.

Exhibit G is the deposition of Harris Economou, dated February 13, 2009.  Mr. Economou is a fire "estimatics" consultant for State Farm.

The entire deposition is released from confidentiality.

In the cases of both Mr. Fulton and Mr. Economou the Court has paid particular attention to those portions of the depositions which counsel have identified with specificity as examples of information which should remain classified.  In all instances, the information is generic rather than specific in nature.  In short, the information contained in the depositions hardly provides readers with the proverbial "formula for Coca-Cola."  At worst, it provides only generic information which one could expect to find on Coke's product label.  As such, it can hardly be considered in need of protection.

Exhibit H contains multiple sub-parts as follows:

1. State Farm Homeowner's policy

       The Court does not consider same to be confidential

2. Schafer SF Xactimate Report
   The Court does not consider same to be confidential

3. State Farm OG 75-01, claims procedures
   Parties concede this is not confidential

4. State Farm OG-135, Operation Guide
   The Court maintains confidentiality over this document

5. Xactware white paper re: pricing
   The Court does not consider same to be confidential

6. Deposition of Mr. Kuntz
   This has been dealt with hereinabove

8. Deposition of Mr. Adrian
   The Court does not consider same to be confidential

9. Responses by State Farm
   The Court does not consider same to be confidential

16. Websites
    The Court does not consider same to be confidential

18. State Farm Operations Guide
    The Court maintains confidentiality over this document

30. Affidavit of Jon Luther
    The Court does not consider same to be confidential

43. Adjuster's letter transmitting settlement
    The Court does not consider same to be confidential

47. Excerpt of Lapinski deposition
    The Court does not consider same to be confidential

48. Kuntz affidavit
    The Court maintains confidentiality over this document

50. State Farm Management Manual
    The parties do not oppose producing same without confidentiality

59. Xactimate Operation Guide
    The Court maintains confidentiality over this document

```
60.   Xactimate 24 Operations Guide
      The Court maintains confidentiality over this document

61.   Fulton deposition
      This issue has been handled hereinabove

62.   Economou deposition
      This issue has been handled hereinabove

63.   Xactanalysis user guide
      The Court does not consider same to be confidential

64.   E-mail with Bates # XW003560
      The Court does not consider same to be confidential

65.   E-mail with Bates # SCH000178
      The Court does not consider same to be confidential

68.   Affidavit of Anne Gron dated February 26, 2009
      The parties do no oppose producing same without
      confidentiality

69.   Bates # SCH00003671
71.   Bates # SCH00014292
72.   Bates # SCH00016603
74.   Bates # SCH00017340
75.   Bates # SCH00018323
76.   Bates # SCH00018365-66
77.   Bates # SCH18474
78.   Bates # SCH00018523-25
80.   Bates # SCH21738
81.   Bates # SCH21788
82.   Bates # SCH22048
83.   Bates # SCH22049
85.   Bates # XW003649
87.   Bates # XW003720
89.   Bates # SCH0001834-36
91.   Bates # SCH00017521-22
92.   Bates # SCH00013841-43
93.   Bates # SCH00017153
94.   Bates # SCH00015175
95.   Bates # SCH00017504-05
97.   Bates # SCH0001865
```

The above items numbered 69 through 97 are released from confidentiality.

```
105.  Cover of CD.
```

>    The Court does not consider the cover of a CD to be confidential

106.   Sample Size Calculation
       The Court does not consider same to be confidential

As to the PowerPoint presentation dated September 29, 2009, to the extent that items thereon are dealt with hereinabove, the ruling of the Court as to confidentiality is the same. If the Court has not dealt with a portion of the CD above, then it will be considered non-confidential.

New Orleans, Louisiana, this 16th day of   March  , 2010.

                                             ALMA L. CHASEZ
                                    UNITED STATES MAGISTRATE JUDGE