# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KATHLEEN SCHAFER** | * | **CIVIL ACTION NO.: 06-8262** |
| **Wife of/and GORDON SCHAFER** | * | |
| | * | **SECTION: "I" (5)** |
| **Versus** | * | |
| | * | **JUDGE LANCE M. AFRICK** |
| **STATE FARM FIRE & CASUALTY** | * | |
| **COMPANY** | * | **MAG. JUDGE: ALMA L. CHASEZ** |

## MEMORANDUM IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER

**NOW COME** Plaintiffs, Kathleen and Gordon Schafer, who, respectfully oppose State Farm Cross-Motion for Protective Order.

State Farm's motion for protective order should be denied because plaintiffs' are seeking discovery that is relevant to their claims. Plaintiffs claim that the pricelist used by State Farm was <u>intentionally</u> low. Plaintiffs also contend that State Farm relied upon the prices submitted by Xactware. Fed. R. Civ. P. 26(b)(1) provides that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. State Farm bears the burden of showing good cause for a protective order limiting that discovery. Fed. R. Civ. P. 26(c)(1) Discovery during the class certification phase was limited to certification, <u>not the merits</u>. What plaintiffs now seek directly addresses the merits of their claims and defendants' defenses. Additionally, a trial date has been scheduled and discovery must go forward in order for counsel to comply with the Court's scheduling order. Thus, State Farm does not have good cause for a protective order.

[1]

As a district judge in this court found in order to compel discovery,  he must "identify the exact claim that [plaintiff] is asserting in this case because[,] even insofar as defenses are concerned[,] the Court does not consider them in the abstract but rather with respect *to the specific claim being asserted." Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 2006 WL 378523, at 4 (E.D.La. Feb.17, 2006) *(Zainey, J.).*  Plaintiffs' claim of bad faith against State Farm is based upon a systematic process of adopting a program (Xactimate) and then manipulating some parts of that program's pricing and functions to intentionally underpay claims.  That claim, and its necessary proof, is why plaintiffs seek the deposition of State Farm's pricing specialists.[1]  Additionally, plaintiffs claim against Xactware is based upon the reliance by State Farm on prices provide by Xactware and subsequently used by State Farm.  If Mark Richter was the pricing specialist who "prepared" the pricelist used in plaintiffs' claim, then his reliance on the pricing provided by Xactware is vital to plaintiffs' claim against Xactware.

Likewise, Plaintiffs seek to demonstrate the juxtaposition of how State Farm handled the Schafer's flood claim compared to their wind claim. State Farm handled the flood claim over the phone, used a different valuation program developed by Xactware and accepted a verbal contents list.  These are just examples of why what State Farm did in the flood claim bears on the wind claim adjustment.  A simple deposition of the flood adjuster (Bob Phillips) and answering questions related to the flood claim adjusting do not impose an unnecessary or difficult burden on State Farm.

---

[1] State Farm's reliance on an unpublished opinion (*Williams v. Allstate Indemnity Company)* is misplaced because that opinion does not stand for what State Farm asserts.

As another example, in response to Plaintiffs' first two interrogatories, State Farm has refused to identify the person(s) supervising the claim handling of this claim, and instead directed plaintiffs to a claim file that does not identify a supervisor. Surely, such a simple request can get a straight answer.  As discovery stands, State Farm has offered, but has yet to schedule, the claim adjuster Jason Lanagan and a very limited 30b6 deposition without any other discovery.

Lastly, State Farm has refused to answer the simple question of whether McKinsey & Co. consulted with State Farm on the use of the Xactimate program.  Xactimate is used by every other insurance company as an off-the-shelf program, but State Farm has admitted it "massages" the pricing by justifying alterations with "pricing specialists."  If a high priced consultant, typically hired to make their clients more money, participated in the development of the "massaging" of pricelists, that fact would bear directly on the issue of bad faith and could lead to admissible evidence.  State Farm did not answer plaintiffs' request for admission number 12 – its answer was evasive. It costs State Farm next to nothing to admit or deny the request.  Plaintiffs have reason to believe McKinsey & Co. has consulted with State Farm on the Xactimate program and want to verify that belief.

In conclusion, Plaintiffs seek to prove the bad faith of State Farm in the adjustment of their claim.  Unlike most Hurricane cases, only one adjustment/payment was made because plaintiffs were raising their home, and thus, could not analyze their payment until after suit was filed.  Accordingly, much of Plaintiffs' proof of bad faith is in State Farm's systematic conduct

in selection and use of the Xactimate program.  In order to present their case, Plaintiffs'

necessarily must examine the systematic process State Farm used in determining the pricing to

be used and the method of applying those prices to plaintiffs' claim.


Respectfully Submitted,

**/s/ J. Alex Watkins**

**T. CAREY WICKER, III**, La. Bar No. 13450
**J. ALEX WATKINS,** La. Bar No. 29472
**CAPITELLI & WICKER**
1100 Poydras Street
2950 Energy Centre
New Orleans, Louisiana 70163-2950
Telephone: (504) 582-2425
Fax No. (504) 582-2422
E-Mail: JAW@Capitelliandwicker.com

**RUSS M. HERMAN**, La. Bar No. 6819
**STEPHEN J. HERMAN**, La. Bar No. 23129
**SOREN E. GISLESON**, La. Bar No. 26302
**HERMAN, HERMAN, KATZ & COTLAR, LLP**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax No. (504) 561-6024
E-Mail: sherman@hhkc.com

**MARK P. GLAGO**, La. Bar No. 25395
***Glago Law Firm, LLC***
One Canal Place
365 Canal St. Suite 1700
New Orleans, Louisiana  70130
Telephone:  (504) 599-8666
 Fax No. (504) 599-8699

[4]

Email: mglago@glagolawfirm.com

**COUNSEL FOR PLAINTIFFS.**


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing has been served, *via* E-MAIL, upon Defense Counsel, and will be filed electronically with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system thereby serving notice on all counsel this 23rd day of March, 2010.


**/s/ J. Alex Watkins**