UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATHLEEN AND GORDON SCHAFER, | * | CIVIL ACTION |
| | * | |
| Plaintiffs, | * | NO. 06-8262 |
| | * | |
| VERSUS | * | SECTION "I"(5) |
| | * | |
| STATE FARM FIRE AND CASUALTY COMPANY AND XACTWARE SOLUTIONS, INC., | * | JUDGE AFRICK |
| | * | |
| | * | MAGISTRATE CHASEZ |
| | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**STATE FARM'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT**

Defendant State Farm Fire and Casualty Company ("State Farm") submits the following Answer to Kathleen and Gordon Schafer's Fourth Amended Complaint (Rec. Doc. 270).

**ANSWER**

Answering the numbered allegations of the Fourth Amended Complaint, State Farm states as follows:

1

1011143v.2

1.

State Farm reasserts and incorporates herein its responses to paragraphs 1-38 of the Third Amended Complaint (Rec. Doc. 102).

2.

State Farm responds to the supplemental and amended allegations of the Fourth Amended Complaint as follows:

39. Defendant State Farm's policies required that the Plaintiffs/Insureds be made whole and indemnified for the loss, subject to the stated deductible and policy limits. State Farm failed to fully compensate the Plaintiffs/Insureds for the damage and loss to their immovable property, in breach of the terms and conditions of their policies and Louisiana law.

**ANSWER:** State Farm denies the allegations of paragraph 39. Further, State Farm avers that its policies of insurance are written documents, and the policies themselves are the best evidence of their terms and conditions.

40. Plaintiffs/Insureds' were damaged by Defendant State Farm's breach of contract.

**ANSWER:** State Farm denies the allegations of paragraph 40.

41. State Farm violated La. R. S. 22:1892 by failing to pay the reasonable amount due within 30 days, despite receipt of the required proof of loss and demand. The Plaintiffs/ show that this failure to pay was arbitrary, capricious, and/or without probable cause, which entitles the Plaintiffs/Insureds to penalties, costs and reasonable attorney's fees.

**ANSWER:** State Farm denies the allegations of paragraph 41.

42. State Farm violated La. R. S. 22:1973 by failing to pay the reasonable amount due within 60 days after satisfactory proof of loss. The Plaintiffs/Insureds and class members show that this failure to pay was arbitrary, capricious and/or without probable cause, which entitles the Plaintiffs/Insureds to penalties in the amount of two times the damages sustained plus general damages, or $5,000, whichever is greater.

**ANSWER:** State Farm denies the allegations of paragraph 42.

1011143v.2

43.	Additionally, State Farm violated La. R.S. 22:1973 by misrepresenting relevant facts concerning coverages at issue.  In particular, State Farm misrepresented the policy coverages associated with loss of use, including but not limited to, advising that if FEMA paid for rental assistance the Defendant did not owe coverage, and that only living expenses in excess of normal living expenses would be covered.

**ANSWER:**	State Farm denies the allegations of paragraph 43.

3.

State Farm reasserts and incorporates herein its responses to paragraphs 44-60 of the Third Amended Complaint.

4.

State Farm denies that Plaintiffs are entitled to recover the relief sought in the prayer for relief in the Fourth Amended Complaint.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

State Farm asserts and incorporates herein all additional and/or affirmative defenses set forth in its Answer to the Third Amended Complaint (Rec. Doc. 102).  State Farm further asserts the following defenses:

### THIRTIETH DEFENSE

The Schafers' claims, are in whole or in part, time-barred by the "Suit Against Us" provision of their insurance policy, which states, "No action shall be brought unless there has been compliance with the policy provisions.  The action must be started within one year from the date of loss or damage."  Policy p. 13.

1011143v.2

### THIRTY-FIRST DEFENSE

The Schafers' claims, are in whole or in part, time-barred by the "Your Duties After Loss" provision of their insurance policy, which states that after a loss, the Plaintiff must give immediate notice to State Farm or its agent. Policy p. 11.

### THIRTY-SECOND DEFENSE

The Schafers are estopped from bringing some or all of their claims due to their failure to comply with the provisions of their insurance policy, including but not limited to "Your Duties After Loss" provision, which required the Plaintiffs to give State Farm immediate notice of their alleged loss and to provide evidence regarding their alleged loss within 60 days. Policy p. 11.

### THIRTY-THIRD DEFENSE

The Schafers' recovery is barred, in whole or in part, due to their failure to mitigate the alleged injuries or damages.

### THIRTY-FOURTH DEFENSE

Any general damages sustained by the Schafers were caused by the actions of the Schafers and/or others, and State Farm pleads comparative fault as a defense.

### THIRTY-FIFTH DEFENSE

The Complaint fails based on the failure to join all parties in interest and parties needed for just adjudication pursuant to Rules 17 and 19 of the Federal Rules of Civil Procedure, including without limitation the U.S. Small Business Administration and the Louisiana Road Home Program, to whom any additional insurance proceeds have been assigned by the Schafers. The Schafers have failed to join all parties that may have an interest in this action, including any and all mortgagees holding a lien on the subject property, appropriate representative(s) of the federal government, and any other persons or entities that may claim any right, title, or interest in

or to the proceeds of any claim payable pursuant to the homeowners policy issued by State Farm to Plaintiff.

### THIRTY-SIXTH DEFENSE

The Plaintiffs are estopped from additional recovery where there has been no showing that their total repair costs exceeded the payments from their flood and homeowners insurers. *Williams v. Allstate Indem. Co*., No. 09-30140, 2009 WL 5183826 (5th Cir. Dec. 30, 2009).

### THIRTY-SEVENTH DEFENSE

State Farm acted reasonably at all times in handling all aspects of the Schafers' claim.

**WHEREFORE**, defendant State Farm Fire and Casualty Company prays that its Answer to the Fourth Amended Complaint be deemed good and sufficient, and that after due proceedings, this Court render judgment in its favor, with all costs and fees assessed against the Plaintiffs.

1011143v.2

Respectfully submitted,

*/s/ J. Dalton Courson*
Wayne J. Lee, 7916, T.A.
Michael Q. Walshe, Jr., 23968
J. Dalton Courson, 28542
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-3200
Fax:  (504) 581-3361
Email:     wlee@stonepigman.com
              mwalshe@stonepigman.com
              dcourson@stonepigman.com

and

Joseph A. Cancila, Jr. (admitted *pro hac vice*)
Heidi Dalenberg (admitted *pro hac vice*)
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, Illinois  60606-6473
Telephone:  (312) 258-5500
Fax:  (312) 258-5600
Email:  jcancila@schiffhardin.com
           hdalenberg@schiffhardin.com

*Attorneys for State Farm Fire and Casualty Company*

# **C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing State Farm's Answer to Plaintiffs' Fourth Amended Complaint has been served upon all counsel of record by electronic service through the Court's CM/ECF system, this 30th day of March, 2010.

*/s/ J. Dalton Courson*

1011143v.2