## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATHLEEN AND GORDON SCHAFER, | * | CIVIL ACTION NO. 06-8262 |
| | * | |
| Plaintiffs, | * | |
| | * | |
| VERSUS | * | SECTION "I"(5) |
| | * | |
| STATE FARM FIRE AND CASUALTY | * | JUDGE AFRICK |
| COMPANY AND XACTWARE SOLUTIONS | * | |
| INC., | * | MAGISTRATE CHASEZ |
| | * | |
| Defendants. | * | |
| | * | |

*********************************************

### PLAINTIFFS' OPPOSITION TO STATE FARM'S
### MOTION FOR SUMMARY JUDGMENT

NOW INTO COURT come Plaintiffs, through undersigned counsel, who respectfully submit the instant Opposition to State Farm's Motion for Summary Judgment.  Plaintiffs submit that the motion should be denied as premature because crucial discovery has not been completed.  In the alternative, the motion should be denied because a genuine issue of material facts exists that State Farm breached the contract, it breached it in bad faith, and along with Xactware committed fraud.

## I.     MERITS DISCOVERY HAS ONLY JUST BEGUN AND THE MOTION SHOULD BE DENIED AS PREMATURE.

As this Court is aware, discovery in this case was initially bifurcated between class certification and merits.[1]  Plaintiffs propounded merits discovery to State Farm.  State Farm responded with broad ranging objections and <u>did not produce a single document</u>.  <u>See Defendant's</u>

---

[1] At the last status conference, this Court expressed its intention that, should State Farm file a Motion for Summary Judgment, it would defer the motion until merits discovery was substantially complete.

Responses to Plaintiffs' Discovery Requests, attached as Exhibit "A".  Plaintiffs also sent State Farm a proposed Rule 30(b)(6) Deposition Notice, as well as a Rule 34 document request.   State Farm objected to the areas of inquiry and has refused to produce a witness on numerous areas of inquiry. See State Farm Objections, attached as Exhibit "B".  State Farm has also refused to produce the flood adjuster, its Louisiana pricing specialist Mark Richter, and Garrett Gaubert.

As a result, Plaintiffs have been forced to file a motion to compel State Farm's corporate representative, the flood adjuster, pricing specialist Mark Richter, and Garren Gaubert.  The Motion also concerns the production of various documents.  The Motion to Compel is set for hearing on March 31, 2010.  It is unknown when the Court will rule.

Moreover, the deposition of the wind adjuster has not been secured.  Plaintiffs have requested this deposition on numerous occasions.  State Farm has professed difficulty in locating him or in getting his cooperation.  If State Farm cannot secure deposition dates for him, then it needs to provide us with the last known address and phone number for him.

In support of the lack of discovery, undersigned attaches an affidavit attesting to the outstanding discovery, the need for the discovery, and the current status.  See Rule 56(f) Affidavit of Soren Gisleson, attached as Exhibit "C".  The affidavit attests to the following outstanding discovery, its relevance, and the status:

- State Farm has not produced any documents in response to Plaintiffs' first set of merits discovery requests.  The outstanding discovery bears upon State Farm's policy for adjusting claims as well as what it knew when.  Subject to a motion to compel set for hearing on March 31, 2010.

2

- Rule 30(b)(6) Deposition of State Farm.  Needed to determine State Farm's adjusting practices  in general and its payment, adjustment, and timing of the Schafer's claim.  Subject to a motion to compel set for hearing on March 31, 2010.

- Deposition of Flood Adjuster.  Although this is a wind claim, the adjuster's deposition is of crucial importance in order to show the inconsistent manner in which State Farm adjusted and paid the flood claim as opposed to the wind claim.  Subject to a motion to compel set for hearing on March 31, 2010.

- Depositions of Mark Richter and Garren Gaubert.  Both of these men are State Farm employees who assisted State Farm in its calculation of the pricelists.  Richter was responsible for developing the pricelists used in the Schafer estimate.  Subject to a motion to compel set for hearing on March 31, 2010.

- Deposition of Wind Adjuster.  He is needed to testify as to the adjustment of the Schafer's claim.  State Farm has professed to knowing his whereabouts as well as actually contacting him but claims not to be able to secure a deposition date.

As can be seen above, merits discovery is nowhere near complete.  Not one merits deposition has been taken.  State Farm has refused to produce numerous documents and numerous witnesses.  State Farm's motion should be denied as premature until merits discovery is completed.

WHEREFORE Plaintiffs respectfully request that State Farm's Motion for Summary Judgment be denied as premature.

3

Respectfully Submitted,


_____/s/ Soren Gisleson_____
**STEPHEN J. HERMAN**, La. Bar No. 23129
**SOREN E. GISLESON**, La. Bar No. 26302
**HERMAN, HERMAN, KATZ & COTLAR, LLP**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax No. (504) 561-6024
E-Mail: sgisleson@hhkc.com

**AND**

**MARK P. GLAGO**, La. Bar No. 25395
**Glago Law Firm, LLC**
One Canal Place - 17th Floor
365 Canal Street - Suite 1700
New Orleans, Louisiana 71030
Telephone: (504) 599-8666
Fax No.: (504) 599-8699
Email: Mglago@GlagoLawFirm.com

**AND**

**T. CAREY WICKER, III**, La. Bar No. 13450
**J. ALEX WATKINS,** La. Bar No. 29472
**CAPITELLI & WICKER**
1100 Poydras Street
2950 Energy Centre
New Orleans, Louisiana  70163-2950
Telephone:  (504) 582-2425
Fax No. (504) 582-2422
E-Mail: JAW@Capitelliandwicker.com

**COUNSEL FOR PLAINTIFFS.**

4

## **CERTIFICATE  OF  SERVICE**

      I HEREBY CERTIFY that the above and foregoing Motion will be filed electronically with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system thereby serving notice on all counsel this 30th day of March, 2010.

                               **/s/ Soren Gisleson**