```
MINUTE ENTRY
CHASEZ, M.J.
MARCH 31, 2010
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KATHLEEN SCHAFER, ET AL. | CIVIL ACTION |
| VERSUS | NUMBER: 06-8262 |
| STATE FARM FIRE AND CASUALTY COMPANY, ET AL. | SECTION: "I"(5) |

HEARING ON MOTION

APPEARANCES:   Soren Gisleson, Wayne Lee, Heidi Dalenberg, Dalton Courson, Mark Cunningham, Mark Glago

MOTION:

(1) Plaintiffs' Motion to Compel Depositions and Discovery (Rec. doc. 271);
(2) State Farm's Cross-Motion for Protective Order (Rec. doc. 272).

_____ : Continued to

_____ : No Opposition

  1,2  : Opposition

_____ : Local Rules 37.1E, 33.2, 36.1, 7.6E

MJSTAR(01:10)

<u>ORDERED</u>

| | | |
|---|---|---|
| _____ | : | Dismissed as moot. |
| _____ | : | Dismissed for failure of counsel to appear. |
| _____ | : | Granted. |
| _____ | : | Denied. |
| 1,2 | : | Other. Plaintiffs may take a limited deposition of Mark Richter, on a date and time to be agreed upon by counsel, to explore the circumstances culminating in the unit prices set forth on the estimate given to plaintiffs and those items where Xactware and State Farm's prices differed. Mr. Richter may also be asked whether he had any involvement with the adjustment of plaintiffs' claim. Depending on his answer to the latter inquiry, plaintiffs may re-urge their request to depose Garret Gaubert. In addition, Mr. Richter is to be prepared to testify about any documents he may have relied upon in adjusting the unit prices for the items set forth on plaintiffs' estimate. If any such documents were previously produced to plaintiffs, they are to be identified by Bates number five days prior to the deposition. Otherwise, State Farm is to provide the documents to plaintiffs five days in advance of the deposition. |

The Court declines to order the production of any further documents responsive to request Nos. 3 and 4 and also declines to order the deposition of the flood adjustor at the present time absent any testimony that what was paid on plaintiffs' homeowners' policy was reduced because of what was paid on their flood policy.

The rulings set forth below pertain to plaintiffs' R.30(b)(6) deposition notice and accompanying document request under R.30(b)(5):

    No. 1:    the representative is to be prepared to testify to, and to produce any supporting documents, State Farm's document retention policy on Katrina-related homeowners' claims.

    No. 2:    the representative is to be prepared to testify to, and to produce any supporting documents, State Farm's policy, practice,

|  |  |
|---|---|
|  | etc. of creating and maintaining Katrina-related homeowners' claims files. |
| No. 3: | the representative is to be prepared to testify as to any wind claim guidelines in place for Katrina for the operating guidelines that are already in plaintiffs' possession. |
| No. 4: | the representative is to testify/produce, limited to the claims adjustor(s) and claims representative(s) who handled plaintiffs' claim. |
| No. 5: | the representative is to testify/produce, limited to any specific training the claims adjustor(s) and claims representative(s) who handled plaintiffs' claim may have had. |
| No. 6: | plaintiffs may question the representative on the operating guidelines in their possession that were used in adjusting their claim. |
| No. 10: | the representative may be questioned as to any reserve information specifically pertaining to plaintiffs' claim. |
| No. 11: | plaintiffs may question the representative as to the particular portion(s) of the policy that remain at issue in this litigation. |
| No. 14: | the representative is to be prepared to testify, limited to documents generated in plaintiffs' case which are to be identified by them five days in advance of the deposition. |

The parties are to continue to confer on a brief extension of the discovery deadline and are to follow-up with the appropriate motion.

                                                ALMA L. CHASEZ
                                   UNITED STATES MAGISTRATE JUDGE