UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KATHLEEN SCHAFER, et al** | **CIVIL ACTION** |
| **VERSUS** | **No. 06-8262** |
| **STATE FARM FIRE & CASUALTY CO., et al** | **SECTION I/5** |

### ORDER

Considering the foregoing motion to alter or amend judgment filed by plaintiffs,[1]

**IT IS ORDERED** that the motion is **DENIED** for the reasons given by the Court in its June 10, 2010 order.[2]  The Court found that the U.S. Magistrate Judge's order declassifying the pricelists was clearly erroneous and/or contrary to law because the evidence showed that, despite the staleness of the information contained within the pricelists, the manner in which such lists were organized is, by itself, commercially sensitive information.[3]  Plaintiffs' arguments with respect to the affidavit of Edmund Webecke do not change that finding.[4]

Plaintiffs also contest the Court's finding that plaintiffs did not provide any evidence concerning the commercial value of the pricelists.  Plaintiffs' contend that one of their briefs to the U.S. Magistrate Judge cited certain portions of Xactware's website to demonstrate that the information contained within the pricelists lacked commercial value. None of the cited web

---

[1] R. Doc. No. 381.
[2] R. Doc. No. 380.
[3] R. Doc. No. 380, p. 5.
[4] The Court also notes that plaintiffs' motion has not provided this Court with the Webecke affidavit allegedly updated.  Nor have plaintiffs cited to the existence of the affidavit in the record.  Similarly, such affidavit was neither provided nor cited to in any of plaintiffs' briefing in opposition to defendants' appeals of the U.S. Magistrate Judge's orders.  A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised prior to the entry of judgment.  *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

2

pages, however, provides any evidence to rebut defendants' evidence showing that the manner of organization of the pricelists is commercially sensitive information.[5]  Accordingly,

       **IT IS ORDERED** that the motion is **DENIED**.

       **IT IS FURTHER ORDERED** that the motion to expedite[6] filed by plaintiffs is **DISMISSED AS MOOT**.

       New Orleans, Louisiana, June 15, 2010.

                                              **LANCE M. AFRICK**
                                  **UNITED STATES DISTRICT JUDGE**

---

[5] Similar to that stated above, plaintiffs did not cite to any of the websites cited in R. Doc. No. 244 in any of their appeal briefs.  Such arguments and evidence should have been raised prior to the entry of this Court's order.
[6] R. Doc. No. 382.