UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KATHLEEN SCHAFER, ET AL**  **CIVIL ACTION**

**VERSUS**  **No. 06-8262**

**STATE FARM FIRE & CASUALTY**  **SECTION I/5**
**COMPANY, ET AL**

## ORDER AND REASONS

Before the Court is defendant State Farm Fire & Casualty Company's ("State Farm") objection to and appeal of[1] an October 27, 2010 order of the United States Magistrate Judge. For the following reasons, State Farm's objections are **OVERRULED** and its appeal is **DISMISSED AS PREMATURE IN PART**.

### *BACKGROUND*

On September 16, 2008, United States Magistrate Judge Alma Chasez granted State Farm's motion for a protective order in this matter.[2] Judge Chasez's protective order stated, in pertinent part, that:

> Within ninety days of the termination of this action, whether by judgment, settlement or otherwise, all Confidential and Highly Confidential documents, and all copies thereof that were provided for parties, counsel, their respective clerical, secretarial and support staff or outside consultants and/or experts shall be returned to the producing party. In addition, all documents that incorporate Confidential or Highly Confidential materials or information extracted from Confidential or Highly Confidential Documents produced in this action shall be returned to the party who produced

---

[1] R. Doc. No. 407.

[2] R. Doc. No. 111.

1

>  the Confidential or Highly Confidential information.  In the alternative, counsel for the party receiving the Confidential or Highly Confidential information shall verify to the producing party by signed affidavit that all Confidential and Highly Confidential documents, information and all copies thereof have been destroyed.[3]

On June 25, 2010, this Court entered an order of dismissal, having been advised by counsel for all parties that the case had been settled.[4]

On September 27, 2010, State Farm filed a motion to reopen the case and a motion for a rule to show case, asserting that plaintiff's counsel had violated Judge Chasez's protective order and that plaintiff's counsel should be held in civil contempt.[5]  This Court referred such motion to Judge Chasez for a "Report and Recommendation with respect to: . . . [the] motion by State Farm Fire and Casualty Company to reopen the case and for a rule to show cause . . . ."[6]

After holding a telephone conference with counsel for all parties, Judge Chasez issued a minute entry on October 27, 2010 in which she refrained from either dismissing, granting, or denying State Farm's motion.  Instead, Judge Chasez ruled that:

>  Plaintiffs are granted ninety days within which to obtain orders in the *Mornay* and *Seruntine* cases establishing that they are entitled to obtain and use in those cases the same documents that were produced in this litigation.  Absent obtaining such orders, plaintiffs are to return the confidential documents that were produced in this case to counsel for defendants who are to preserve and maintain said documents in their offices until the *Mornay* and *Seruntine* cases become final.

---

[3] *Id.*

[4] R. Doc. No. 385.

[5] R. Doc. No. 391.

[6] R. Doc. No. 397.

State Farm first argues that Judge Chasez's order should be vacated because she lacked jurisdiction to enter it.[7]  Second, State Farm asserts that Judge Chasez's order should be vacated because it is "devoid of factual findings or or analysis addressing whether [plaintiffs counsel's] failure to return or destroy State Farm's Confidential Information constituted a contemptuous violation of the Protective Order."[8]

## *LAW AND ANALYSIS*

28 U.S.C. § 636(b)(1)(A) permits nondispositive pretrial matters, such as discovery motions, to be referred to the Magistrate Judge.  Pursuant to Federal Rule of Civil Procedure 72(a), nondispositive pretrial matters decided by the magistrate may be appealed to the district judge.  Fed. R. Civ. P. 72(a).  The order of a magistrate judge may be reversed only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a).

28 U.S.C. § 636(b)(3) states that, "[a] magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution."  In the Fifth Circuit, § 636(b)(3) permits postjudgment discovery motions to be referred to the Magistrate Judge.  *FDIC v. LeGrand*, 43 F.3d 163, 167-68 (5th Cir. 1995).  As the Fifth Circuit has held, "[g]iven the fact that [postjudgment discovery motions] are the types of nondispositive discovery motions specifically authorized for pretrial determination by a magistrate under § 636(b)(1)(A), jurisdiction to decide these types of motions postjudgment bears a reasonable relationship to the existing statutory scheme and should be found under § 636(b)(3)."  *Id.*  Specifically, the Fifth Circuit has allowed

---

[7] R. Doc. No. 407.

[8] *Id.*

district courts to refer postjudgment contempt motions relative to discovery to the Magistrate Judge absent the consent of the parties.  *See, e.g.*, *id.* at 165-68.

After reviewing Judge Chasez's discovery order, this Court finds that such order was not clearly erroneous or contrary to law.  To the extent that State Farm asserts that Judge Chasez lacked jurisdiction to enter the order, this Court disagrees.  In accordance with Fifth Circuit precedent, this Court had authority to refer State Farm's post-settlement discovery motion to Judge Chasez and Judge Chasez had authority to rule upon it.  *Id.*  In doing so, Judge Chasez appears to have interpreted the protective order that she herself issued on September 16, 2008 and found that plaintiffs are allowed 90 days to secure orders from other courts stating that they are permitted to utilize the discovery materials at issue.  As such, Judge Chasez's order is neither clearly erroneous nor contrary to law.

To the extent that State Farm argues that Judge Chasez's order must be vacated because she failed to produce a report and recommendation as requested by this Court's referral order, the Court notes that Judge Chasez has not yet issued a final ruling with respect to State Farm's original motion to reopen the case, rule to show cause, and request for attorneys fees and costs. Indeed, Judge Chasez's October 27, 2010 minute entry indicated that she had neither dismissed, granted, or denied State Farm's motion.  As stated, Judge Chasez allowed plaintiffs 90 days to secure orders from other courts stating that they are permitted to utilize the discovery materials at issue.  Presumably, Judge Chasez will issue a report and recommendation at the conclusion of such 90-day period.  As such, State Farm's appeal from Judge Chasez's October 27, 2010 minute entry on procedural grounds is not ripe for review.

## *CONCLUSION*

Accordingly,

**IT IS ORDERED** that State Farm's objections to the United States Magistrate Judge's October 27, 2010 minute entry are **OVERRULED**. The Magistrate Judge's minute entry was not clearly erroneous or contrary to law.

**IT IS FURTHER ORDERED** that State Farm's appeal from the United States Magistrate Judge's October 27, 2010 minute entry is **DISMISSED AS PREMATURE IN PART**.

New Orleans, Louisiana, December ___9th___, 2010.

                                                                         _____
                                                                         **LANCE M. AFRICK
                                                                         UNITED STATES DISTRICT JUDGE**